UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

UNITED STATES OF AMERICA,     CASE NO. 00-6215-CR-DIMITROULEAS
Plaintiff,     Magistrate Judge Seltzer

v.

RICHARD LLOYD SCRIVER,
Defendant.
_____/

OCT 18 2000

### DEFENDANT SCRIVER'S UNOPPOSED
### MOTION TO CONTINUE TRIAL

Defendant RICHARD LLOYD SCRIVER ("Scriver") moves this Court, through undersigned counsel, pursuant to Local Rule 7.6 and Fed Rules Crim.Pro. Rule 45(b), and without opposition from the government, for a six-week continuance of his trial. In support of this motion, undersigned counsel represents as follows:

1.    Scriver is charged with one count of conspiracy to possess with intent to distribute and one count of possession with intent to distribute the Schedule I controlled substance methylenedioxymethetamine (MDMA). His defense at trial will be entrapment.

2.    Scriver is released pre-trial on bond and is in full compliance with his conditions of release.

3.    Trial of this cause is presently scheduled for October 23, 2000. However, a number of matters have arisen which make it impossible for Scriver to be ready for trial on that date and which, indeed, necessitate the filing of this motion requesting a six-week continuance of the trial. These matters are:



a. **First**, Scriver unexpectedly finds himself without viable counsel to represent him at trial. Although undersigned counsel, along with attorney Scott Hecker, appear as counsel of record, neither undersigned counsel nor Mr. Hecker will, in fact, be able to serve as Scriver's trial counsel. This is because: (i) Mr. Hecker is in the process of filing a motion to withdraw as a result of **irreconcilable differences** that arose between Mr. Hecker and Scriver a week ago; and (ii) while preparing for trial during the past week, it became clear that undersigned counsel will be needed as a **witness for the defense** -- eviscerating his ability to be Scriver's advocate as well -- particularly in connection with post-arrest statements of Scriver's which are expected to become an issue at trial.[1]

b. **Second,** Scriver has been able to identify and is in the process of retaining new counsel who are willing to undertake to represent him at this late date. However, these counsel, attorneys Jeanne Baker and David Tucker, are unwilling to file their appearances unless a reasonable amount of additional time is secured to permit them to adequately prepare for trial. In particular, these attorneys have determined that, at a minimum, the following tasks remain to be performed:

> • **preparation of transcripts** of the thirteen government tapes of conversations between the Confidential Source, James Tinley ("the CS"), and Scriver, which contain exculpatory conversations and which the government does not intend to transcribe or introduce into evidence;
>
> • conducting further **investigation of the CS**, including private investigative work in Georgia, where the CS resides, as well as litigation to secure <u>Brady</u> and <u>Giglio</u> information regarding the CS from the government's files;
>
> • **securing the CS's attendance** at trial which may, in itself, take a number of weeks because he is currently housed in the Cherokee County Jail, Georgia, awaiting transfer to the Georgia State Prison system;

---

[1] If requested, counsel will file an *ex parte* explanation of the reasons for the discharge of Mr. Hecker and a proffer of the expected testimony of the undersigned attorney.

- researching grounds for a **motion to suppress** Scriver's post-arrest statements and, if appropriate to do so, filing and litigating such a motion;

- identifying, interviewing and preparing defense witnesses for trial.[2]

c. **Fourth,** on information and belief, Scriver's co-defendant, James Beeson, can provide testimony which would substantially support Scriver's defense of entrapment.[3] However, Beeson's attorney, Bruce Lyons, has informed undersigned counsel that Beeson will invoke his Fifth Amendment right to remain silent until Beeson has been sentenced, and only thereafter will be available to testify at Scriver's trial. As Beeson's sentencing is scheduled for November 24, 2000, the requested continuance of six weeks would permit Beeson's sentencing to occur prior to Scriver's trial, thus making Beeson available to the defense as a witness.

d. **Fifth**, counsel for the government, AUSA Ed Ryan, has informed the defense that it will be filing a superseding indictment in this case in the near future, which, *inter alia*, will change the specific controlled substance identified in the indictment from MDMA to MDA.

4. AUSA Ed Ryan has authorized undersigned counsel to represent that the government has no objection to this motion.

---

[2] It should be noted that the delay in performing these investigative and trial-preparation tasks was due in part to the fact that "The Government Response to the Standing Discovery Order" was not received until October 3, 2000.

[3] If requested, counsel will file an *ex parte* proffer of the exculpatory testimony it expects Beeson would provide.

WHEREFORE, defendant Scriver respectfully requests that this Honorable Court ("Scriver") grant this unopposed motion for a six-week continuance of the trial in this case.

Respectfully submitted,

**MAIER AND MARCHETTA**
Attorney for Richard Scriver
915 Middle River Drive
Suite 401
Fort Lauderdale, FL 33304
(954) 566-9889

By: _____
ARTHUR E. MARCHETTA, JR.
Florida Bar #607479

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the above and foregoing was hand-delivered this 19 day of October, 2000, to Assistant United States Attorney Edward Ryan, United States Attorney's Office, 500 East Broward Boulevard, Suite 700, Fort Lauderdale, Florida 33394-3002 and to H. Scott Hecker, Esq., 517 Southwest First Avenue, Fort Lauderdale, Florida 33301.

_____
ARTHUR E. MARCHETTA, JR.