UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

UNITED STATES OF AMERICA
Plaintiff,

Case No.00-6215-CR-WPD

vs.

RICHARD LLOYD SCRIVER,
Defendant.

_____/



## MOTION TO SUPPRESS STATEMENTS MADE TO LAW ENFORCEMENT
## OFFICIALS WITH INCORPORATED MEMORANDUM OF LAW

Defendant, Richard Lloyd Scriver ("Scriver"), pursuant to Rule 12(b) of the Federal

Rules of Criminal Procedure, hereby moves to suppress the statements made by him to

Federal Agents and officials after his arrest on the grounds that their admission would

violate his constitutional right against self incrimination and the due process clause as

guaranteed by the Fifth Amendment to the United States Constitution. In support of this

Motion, he states as follows:

### FACTS

On May 20, 2000, Scriver was arrested by agents of the DEA in connection with the

sale of approximately 6900 units of ecstasy. The arrest occurred while Scriver was driving

from Miami to Fort Lauderdale on I-95. Upon his arrest, Scriver was handcuffed and

transported to the DEA. While he was in custody, he was interrogated by Agents Kenneth

McCarron and Nancy Cook.

1

Prior to the interrogation, the Agents requested that Scriver cooperate and be debriefed. Prior to his debriefing, he was told that if he cooperated, the agents would keep him out of jail and resolve his problems related to his arrest. Based on this and other representations by the agents, Scriver was led to believe that his cooperation would result in his remaining out of jail and in not being charged.[1]

In reliance on the agents' representations, Scriver answered the agents' questions. The government seeks to introduce the responses to those questions at the trial. Scriver's induced, self-incriminatory statements were not "voluntary" and, moreover, were made in detrimental reliance on the agents' representations. Accordingly, Scriver's statements were constitutionally infirm and must be suppressed.

## MEMORANDUM OF LAW

### I. ADMISSION OF THE INCULPATORY STATEMENTS
### MADE DURING HIS INTERROGATION
### WILL VIOLATE SCRIVER'S RIGHT AGAINST SELF INCRIMINATION

The due process clause of the Fourteenth Amendment to the United States Constitution prohibits prosecutorial use of an involuntary confession. *Brooks v. Florida*, 389 U.S. 413, 415, 88 S. Ct. 541, 542 ( 1967); *Chambers v. Florida*, 309 U.S. 227, 228, 60 S. Ct. 472 477 (1949); *Leon v. Wainwright*, 734 F. 2d 770, 772 (11th Cir. 1984). In

---

[1]In addition to giving a confession, Scriver began a course of cooperation with the government. In the ordinary course his arraignment would have been held in the end of May, 2000, however it was continued numerous times. This corroborated Scriver's belief that, consistent with what he was told on the day of his arrest, he would not be charged and subjected to imprisonment. Furthermore, Scriver was not initially indicted; rather, when a formal charge was filed in June, 2000, as an information, not as an indictment.

2

determining whether a confession is voluntary, the court should, taking into consideration the totality of the circumstances, determine whether the statement is the product of the accused's "free and rational" choice. *Leon*, 734 F.2d at 772; *Martinez v. Estelle*, 612 F.2d 173, 177 (5th Cir. 1980). Thus, the test is whether the statement was "extracted by any sort of threats or violence [or] obtained by an direct or implied promise, however slight [or] by the exertion of any improper influence." *Bram v. United States*, 168 U.S. 532, 542-543, 18 S. Ct. 183, 187 (1897); *Leon*, 734 F. 2d at 772. *See also United States v. Davidson*, 768 F. 2d 1266, 1267 (11th Cir,. 1985).

Here, Scriver made incriminating statements[2] induced by the representations of the agents. Accordingly, Scriver's statements must be suppressed.

Nearly a century ago, the United States Supreme Court spoke out against the use of an accused's statement or confession when such statement was improperly induced. As the Supreme Court in *United States v. Bram,* concluded, it is entirely possible for one to be improperly induced absent the presence of physical violence or abuse. Focusing upon the accused's likely state of mind considering the totality of the circumstances surrounding the confession, the *Bram* court devoted much of its opinion to examples of language traditionally held to be as coercive as the proverbial twisted arm. *Id.*

In *Bram*, most of the examples found to be coercive were implied promises (if you did break open the door, the best thing you could do is to tell all about it and to tell who

_____

[2]When viewed in the aggregate, Scriver's statements made to the DEA agents amount to a confession. For this reason, these statements will be interchangeably referred to as "statements' and as a "confession."

3

was with you) ( it will be better for you to tell the truth and have no more trouble about it) (the officer thought the prosecuting witness would withdraw the prosecution or make it as light as possible). 168 U.S. at 558, 18 S. Ct. at 193.  Here, there were express representations that if Scriver cooperated his problems relating to his arrest would all be resolved.

In a case remarkably similar to this one, the District Court in *United States v. Shears*, 614 F. Supp. 1096 (D. Md. 1985), granted the defendant's motion to suppress statements given in cooperation with the agent in exchange for the agent's promise that he would be allowed to plead to lesser charges and would be released without the necessity of a bondsman.  The Court found that the offer to plead to a reduced charge in exchange for cooperation and his release without the posting of a cash bond constituted "the principle and determinative factor motivating the defendant to give the statements now challenged.    The assurances of lenient treatment, viewed in the totality of the circumstances, were improperly coercive and rendered the resulting statements involuntary."

Similarly, in *Grads v. Boles*, 398 F. 2d 409 (4th Cir. 1968), the appellate court suppressed a six-page written confession which was based on the prosecutor's assurances that, if the defendant cooperated, he would be charged only with attempted robbery and several other outstanding felony offenses would not be pressed.  The court found under the *Bram* doctrine that the prosecutor's statements to the defendant should be regarded as "direct or implied promise, unconstitutionally inducing and thus rendering inadmissible Grads confession." *Id.* at 413.

4

And in *Shotwell Manufacturing Co. v. United States*, 371 U.S. 341, 83 S. Ct. 448 (1963), a candy manufacturer was convicted of attempted income tax evasion by failing to report income from black market sales. At trial, the government introduced written statements made by the defendant pursuant to the "voluntary disclosure policy." The Supreme Court found that this evidence, which was "induced from a person under a governmental promise of immunity must be excluded" because of the constitutional privilege against self-incrimination. Evidence so procured "can no more be regarded as the product of a free act of the accused to that obtained by official physical or psychological coercion." 371 U.S. at 347, 83 S. Ct. 453.

In this case, the totality of circumstances can lead to no other conclusion but that Scriver incriminated himself induced by the government's representations that by doing so his problems would all be resolved. Scriver recognizes that if the agents had merely told him that his cooperation would be passed on to the appropriate authorities there might not be sufficient inducement as to render a subsequent incriminating statement involuntary. *See United States v. Davidson*, 768, F.2d 1266, 1271 (11th Cir. 1985) However, this is not what occurred here.

Consistent with the agents' representations, Scriver was **not** originally indicted in this case. His arraignment was postponed several times -- while he continued to be debriefed and to cooperate with the agents. Finally, in June, 2000, he was charged via an information with conspiracy to distribute ecstasy. The filing of the charge was a surprise to Scriver who continued to be of the belief, based on the earlier representations of the agents, that he would not be charged and subjected to imprisonment.

5

Therefore, it can only be found that Scriver's statements were not voluntary, but rather were impermissibly induced by the government's representations that they would keep him out of jail and resolve all of his problems.

## II. SCRIVER'S DETRIMENTAL RELIANCE UPON THE AGENTS' REPRESENTATIONS REQUIRES SUPPRESSION OF THE STATEMENTS

Prior to Scriver making inculpatory post-arrest statements and embarking on a course of cooperation, the agents led him to believe, either directly or impliedly, that he would not go to jail as long as he submitted to a debriefing and then cooperated. Reasonably relying on the agents' representations, Scriver proceeded to incriminate himself in great detail. Scriver complied with the terms of the agreement: -- he confessed. Now the government must be held to its end of the bargain.

In *Rowe v. Griffen*, 676 F. 2d 524 ( 11th Cir. 1982), the Court held that "once the defendant's good faith compliance with the terms of the agreement are established, the state must perform on its side and any attempt by the state to breach the agreement is per se bad faith prosecution." In *Rowe*, the defendant was an informant for the government. In exchange for immunity from prosecution, he cooperated with state and federal agents in a murder prosecution of Clansman accused of killing a civil rights worker. *Rowe* fulfilled his part of the bargain, but 15 years later, he was indicted by a state grand jury for murder. The *Rowe* court said that when a "promise induces a defendant to waive his Fifth Amendment rights by testifying at the trial of his confederates or to otherwise cooperate with the government to his detriment, due process requires that the prosecutor's promise be fulfilled." *Id.*

6

The agents' representations leading Scriver to believe he would not go to jail and that all of his problems would be resolved should be treated no differently in this case than the promises were treated in the *Rowe* case. As such, the resulting statements must be suppressed. *See Rowe v. Griffen, 676 F.2d* at 527.

### CONCLUSION

For the reasons stated above, Defendant Richard Scriver respectfully requests that this Honorable Court (a)order an evidentiary hearing on this Motion to Suppress Statements and (b) suppress the Defendant's statements.

Respectfully Submitted,

**JEANNE BAKER**
Attorney at Law
2937 Southwest 27th Avenue, ste. 202
Miami, Florida 33131-3703
(305) 443-1600
Florida Bar No. 0880700

JEANNE BAKER, ESQ

**DAVID K. TUCKER**
Tucker & Kotler, P.A.
2600 Douglas Road, ste. 1108
Coral Gables, Florida 33134-6125
(305) 461-3627
Florida Bar No.406023

By: _____
DAVID K. TUCKER, ESQ.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the above and foregoing was

delivered by FAX and MAIL this 17TH day of November , 2000 upon Dana Washington,

Esq. AUSA, 99 N.E. Fourth Street, Miami, Florida 33132.

By: _____
DAVID TUCKER, ESQ.

8