UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

UNITED STATES OF AMERICA,                CASE NO. 00-6215-CR-DIMITROULEAS
          Plaintiff,                     Magistrate Judge Seltzer

v.

RICHARD LLOYD SCRIVER,
          Defendant.
_____ /

## MOTION FOR RELEASE OF EXCULPATORY OR IMPEACHMENT
## PORTION(S) OF COOPERATING WITNESS' PSI
## AND INCORPORATED MEMORANDUM OF LAW

Defendant **RICHARD LLOYD SCRIVER,** through undersigned counsel, and pursuant to

*Brady, Giglio, Napue* and paragraphs C, D and E of the Standing Discovery Order, moves this Court

for an order releasing any and all portions of the Pre-Sentence Investigation Report ("PSI") regarding

cooperating witness **James Blake Beeson,** which contain any exculpatory or impeaching material,

as determined by the Court upon its *in camera* review. In support of this motion, undersigned

counsel represents as follows:

1.     **James Blake Beeson,** who was arrested with defendant Scriver but separately

indicted, is expected to provide testimony against Scriver at his trial.

2.     **Beeson** has pled guilty and is scheduled to be sentenced by this Court in advance of

Scriver's trial. The government has in its possession a copy of Beeson's PSI.

3.     Undersigned counsel believes that Beeson's PSI will disclose information which will

be favorable to the defense and to which the defendant is entitled pursuant to *Brady* or *Giglio* or

*Napue* and/or paragraphs C or D or E of the Standing Discovery Order. Undersigned counsel



requests the opportunity to explain to the Court, *ex parte*, the information she anticipates will be found in the PSI that would meet this standard.

## MEMORANDUM OF LAW

While a Pre-Sentence Investigation Report in the hands of the court or the probation office is not usually producible in response to a discovery motion, *see, e.g., United States v. Trevino*, 556 F.2d 1265, 1270-1271 (5th Cir. 1977), courts that have directly addressed the issue have uniformly recognized that such a report is producible if it is in the hands of the prosecutor and if, upon *in camera* review, the trial judge determines that it contains exculpatory or impeachment material

See, e.g., United States v. Jackson, 978 F.2d 903, 909 (5th Cir. 1992), cert. denied, 113 S.Ct. 2429 (1993) (holding that defendant has "a right to exculpatory or impeachment material that is contained in [witness] presentence reports" as determined by the district court upon *in camera* review); *United States v. Moore*, 949 F.2d 68, 71-72 (2d Cir. 1991), *cert. denied*, 112 S.Ct. 1678 (1992) (approving *in camera* review of presentence report to determine if it contains any exculpatory or impeaching material); *United States v. DeVore*, 839 F.2d 1330, 1332-1333 (8th Cir. 1988) (portion(s) of presentence report determined by court, upon *in camera* review, to contain exculpatory or impeachment material are discoverable); *United States v. Anderson*, 724 F.2d 596, 598 (7th Cir. 1984) (same); *United States v. Figurski*, 545 F.2d 389, 392 (4th Cir. 1976) (same).

As the Fifth Circuit in *Jackson, supra*, explained:

> The Supreme Court has held that the due process clause requires the prosecution to disclose all evidence favorable to the accused. *See Brady v. Maryland*,[citation omitted]; *Giglio v United States* [citation omitted]. The Court reasoned that our system for the administration of justice "suffers when any accused is treated unfairly." *Brady*, 373 U.S. at 87 . . . . The Court concluded that the system treats a defendant unfairly when it denies him access to favorable evidence.

2

> *Id.* It follows that <u>a defendant ordinarily has a right to exculpatory or impeachment material that is contained in the presentence reports of his co-defendants.</u> [Citations omitted.] Because presentence reports are necessarily confidential, <u>the district court should examine the report *in camera* and release any exculpatory or impeachment material to the defendant</u> while protecting the confidentiality of the rest of the report.

*Jackson,* 978 F.2d at 909 (emphasis added).

Since, in this case, the PSI sought is specifically <u>in the hands of the prosecutor,</u> the defendant submits that he is entitled to release of any and all portions of that PSI which the Court determines, upon its *in camera* review, contain any exculpatory or impeachment material. [1]

### CONCLUSION

WHEREFORE, defendant **Richard Lloyd Scriver** respectfully requests that this Court enter an order releasing any and all portions of the PSI regarding **James Blake Beeson**, which contain any exculpatory or impeaching material, as determined by the Court upon its *in camera* review.

---

[1] Insofar as a witness' presentence report may constitute or contain "a statement" within the meaning of the Jencks Act, it may also be subject to Jencks Act production at the appropriate time -- assuming, again, that, as here, the report is "held by the prosecution." *See United States v. Sasser,* 971 F.2d 470, 479-480 (10th Cir. 1992); *United States v. Dansker,* 537 F.2d 40, 61 (3d Cir. 1976), *cert. denied,* 429 U.S. 1038 (1977).

Respectfully submitted,

**JEANNE BAKER, ESQ**.
Florida Bar No. 0880700
2937 Southwest 27th Avenue, Suite 202
Miami, Florida  33131-3703
(305) 443-1600
(305) 445-9666 (fax)

**DAVID K. TUCKER**
Florida Bar No.406023
Tucker & Kotler, P.A.
2600 Douglas Road, ste. 1108
Coral Gables, Florida 33134-6125
(305) 461-3627
(305) 461-3628
**COUNSEL for RICHARD LLOYD SCRIVER**

By: _____
Jeanne Baker, Esq.

**CERTIFICATE OF SERVICE**

   **I HEREBY CERTIFY** that a true and correct copy of the above and foregoing was hand

delivered this _____ day of November, 2000, to Assistant United States Attorney Dana O.

Washington, United States Attorney's Office, 500 East Broward Boulevard, Suite 700, Fort

Lauderdale, Florida 33394-3002.

_____
JEANNE BAKER, ESQ.

4