UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 00-6215-CR-DIMITROULEAS

UNITED STATES OF AMERICA

V.

RICHARD SCRIVER
_____/

### GOVERNMENT'S SUPPLEMENTAL RESPONSE TO THE STANDING DISCOVERY ORDER

The United States of America hereby provides the following information pursuant

to Brady v. Maryland, 373 U.S. 83 (1963) and Giglio v. United States, 405 U.S. 150 (1972).

This response also complies with Local Rule 88.10 and Federal Rule of Criminal

Procedure 16.

1. During a pre-trial interview with James Beeson, he disclosed to the undersigned that during the late 1980's he was involved in the use and sale of illicit narcotics.

2. According to James Beeson, in December of 1999, he sent Richard Scriver three "ecstacy" pills via FEDEX. He also states that in early May, 2000, Richard Scriver sent him (Beeson) two ecstacy pills via FEDEX.

3. While on bond pending sentencing in his case presently pending before the U.S. District Court, James Beeson used illegal narcotics and on two occasions submitted urine samples that tested positive for the presence of an illicit substance (cocaine)..

4. A copy of James Beeson's criminal record is attached.

5. A copy of a proffer agreement between James Beeson and the United States is Attached.



6. A copy of the indictment brought against James Beeson for his involvement in the instant offense is attached.

7. A copy of Beeson's plea agreement with the United States Attorney's Office is attached.

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

By: *[signature]*

Dana O. Washington
Assistant United States Attorney
Court No. A5500418
500 East Broward Blvd., Suite 700
Fort Lauderdale, FL 33394
Phone: (954) 356-7255
Fax: (954) 356-7336

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 24th day of November, 2000, to Jeanne Baker, 2937 Southwest 27th Ave., Miami, Florida, 33131 and David Tucker, 2600 Douglas Road, Suite 1108, Coral Gables, Florida 33134.

DANA O. WASHINGTON
ASSISTANT UNITED STATES ATTORNEY

3

*United States Attorney*
*Southern District of Florida*

Dana O. Washington
Assistant United States Attorney
99 N.E. 4 Street
Miami, FL 33132
(305) 961-9006

November 16, 2000

Bruce Lyons, Esq.
600 NE 3rd Avenue
Fort Lauderdale, FL 33301

RE: *James Blake Beeson*

Dear Mr. Lyons:

This letter confirms the understanding and agreement between this office and your client, James Blake Beeson.

Through counsel, your client has expressed an interest in proffering to the government an outline of his factual account of this matter, and other matters. Accordingly, I am writing to clarify the ground rules for the proffer.

**The government requires a completely truthful statement of your client in this proffer.** This office agrees that no statements made by James Blake Beeson during debriefing will be offered into evidence against him as part of the government's direct case or sentencing. However, the government remains free to use information derived from the debriefing directly or indirectly for the purpose of obtaining leads to other evidence, which may be used against James Blake Beeson in the above-captioned case or any other prosecution. James Blake Beeson expressly waives any right to claim that such evidence should not be introduced because it was obtained as a result of the debriefing. This provision is necessary in order to avoid the necessity for a Kastigar hearing should we not reach a plea agreement. Furthermore, the government may use statements made in the debriefing and all evidence derived directly or indirectly therefrom for the purpose of cross-examination, if James Blake Beeson testifies at trial, and/or any rebuttal case against him.

No additional promises, agreements, or conditions have been entered into other than those set forth in this letter and none will be entered into unless in writing and signed by all parties. It is specifically understood and agreed that this office is under no obligation to offer James Blake Beeson any consideration as a result of her participation in the debriefing.

If the foregoing accurately reflects the understanding and agreement between this office and

your client, James Blake Beeson, it is requested that James Blake Beeson and yourself execute this letter as provided below.

          Sincerely,

          GUY A. LEWIS
          UNITED STATES ATTORNEY

By: _____
          Dana O. Washington
          Assistant United States Attorney

    I have received this letter from my attorney, Bruce Lyons, Esquire, have read it and discussed it with him, and I hereby acknowledge that it fully sets forth my understanding and agreement with the Office of the United States Attorney for the Southern District of Florida. I state that there have been no additional promises or representations made to me by any official of the United States Government or by my attorney in connection with this matter.

_____        _____
Date        Defendant

_____        _____
Date        Bruce Lyons, Esq.
          Counsel for Defendant

letters\kastisab eng

## Adult Criminal Conviction(s)

| | Date of Arrest | Charge/Agency | Date Sentence Imposed/ Disposition | Guideline/ Points |
|---|---|---|---|---|
| 28. | 11/28/83 (age 19) | Ct. 1: Trafficking in cocaine, Ct. 2: Possession of cannabis SO, Broward County, FL | Dkt# 83-12424CFB 4/1/85: adjudicated guilty Cts. 1 and 2, sentence suspended | § 4A1.2(e)(3) <u>0</u> |

According to court records, on November 28, 1983, the defendant and three codefendants conspired to deliver two kilograms of cocaine to undercover agents for $90,000. The undercover agents actually purchased one kilogram of cocaine for $45,000. Also, the defendant had in his possession less than 20 grams of marijuana.

| | Date of Arrest | Charge/Agency | Date Sentence Imposed/ Disposition | Guideline/ Points |
|---|---|---|---|---|
| 29. | 1/14/88 (age 23) | Cts. 1 and 2: Driving under the influence, Ct. 3: Expired tag, Ct. 4: Carrying concealed weapon PD, Gwinnett, GA | Dkt# 88D-4591 9/30/88: Cts. 1 and 3: 12 months probation, counts concurrent Cts. 2 and 4: nolle prossed | § 4A1.2(e)(3) <u>0</u> |

According to court records, on January 14, 1988, the defendant was stopped for speeding and an expired tag. The officer noticed the defendant emitted an odor of alcohol and administered a field sobriety test which the defendant failed. The defendant was placed under arrest and his vehicle was searched for additional intoxicants. Officers discovered a .45 caliber revolver between the driver's door and seat.

| | Date of Arrest | Charge/Agency | Date Sentence Imposed/ Disposition | Guideline/ Points |
|---|---|---|---|---|
| 30. | 5/29/90 (age 26) | Carrying a concealed firearm, PD, Pompano Beach, FL | Dkt# 90-11497CF 1/28/91: 18 months probation, 1/7/92: early termination of probation granted. | § 4A1.1(c) <u>1</u> |

According to court records, on May 29, 1990, an officer observed the defendant sitting in his vehicle with three black males leaning into his vehicle. The black males left the area once they noticed the officer approaching. The defendant told the officer that he was looking for a black man who stole a gold ring from his friend two weeks earlier. A can of beer was observed on the center console of the vehicle. The defendant exited the vehicle and the can was retrieved and found to contain a small amount of beer. The defendant replied he had just returned home from work and had only consumed one beer. He was placed under arrest and a search revealed a .45 Calcolt combat commander pistol in front of the passenger seat.

| | | | | |
|---|---|---|---|---|
| 31. | 2/24/94 (age 30) | Ct. 1: Driving under the influence, Ct. 2: Fleeing, elude police officer, Ct. 3: No valid vehicle registration, Ct. 4: Driving around detour/barricade, Ct. 5: Possession of open container in a motor vehicle, PD, Fort Lauderdale, FL | Dkt# 94-3728MM10A 7/29/94: Cts. 1 and 2, six months probation, counts concurrent Cts. 3, 4, and 5, dismissed. | § 4A1.1(c) <br><br><br><br><br><br><br><br>__1__ |

According to court records, on February 24, 1994, an officer on patrol observed the defendant drive through an area where a Do Not Enter sign was posted. The defendant continued at a high rate of speed and turned off his vehicle lights to avoid detection. He was eventually stopped and he smelled of alcohol. The defendant failed a road side sobriety test, and a test of his blood alcohol was over the legal limit.

| | | | | |
|---|---|---|---|---|
| 32. | 2/23/95 (age 31) | License suspended/revoked, SO, Broward County, FL | Dkt# 95-151TC 4/27/95: $117 fine | § 4A1.2(c)(1) <br><br>__0__ |

No other information is available.

| | | | | |
|---|---|---|---|---|
| 33. | 7/9/96 (age 32) | Driving under the influence, PD, Atlanta, GA | Dkt# 40-6-391-(A) 9/17/96: $700 fine | § 4A1.1(c) <br><br>__1__ |

No other information is available.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 00-6158-CR-DIMITROULEAS

UNITED STATES OF AMERICA, )
)
vs. )
)
JAMES BLAKE BEESON, )
                    Defendant. )
_____ )

## PLEA AGREEMENT

The United States of America and JAMES BLAKE BEESON (hereinafter referred to as the "defendant") enter into the following agreement:

1. The defendant agrees to plead guilty to the indictment, which charges the defendant in Count I with conspiracy to possess with the intent to distribute methylenedioxy-methamphetamine (MDMA), in violation of Title 21, United States Code, Sections 846 and 841(a)(1). The parties agree to recommend to the Court that the applicable Base Offense Level under the Federal Sentencing Guidelines for the offense in this case is Level 22.

2. The defendant is aware that the sentence will be imposed in conformity with the Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"), and that the applicable guidelines will be determined by the court relying in part on the results of a Pre-Sentence Investigation by the court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the court may depart from the applicable guideline range and impose a sentence that is either more severe or less severe than the guideline range. Knowing these facts, the defendant understands and acknowledges that the court has the authority to impose any sentence

within and up to the statutory maximum authorized by law for the offenses identified in paragraph one and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

3. The defendant also understands and acknowledges that the court may impose a statutory maximum term of twenty years' (20) imprisonment for counts I and II, followed by a term of supervised release. In addition to a term of imprisonment and supervised release, the court may order restitution and may impose a fine of up to one million dollars ($1,000,000.00) for both counts one and two.

4. The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph three (3) of this agreement, a special assessment in the amount of two hundred dollars ($200.00) will be imposed on the defendant which is due and payable at sentencing.

5. The Office of the United States Attorney for the Southern District of Florida (hereinafter "Office") reserves the right to inform the court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

6. The United States agrees that it will recommend at sentencing that the court reduce by three (3) levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1 of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. However, the United States

will not be required to make this sentencing recommendation if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making a false statement or misrepresentation to any governmental entity or official.

7. The government will recommend to the Court at sentencing that the defendant receive, pursuant to Section 3B1.1 of the Sentencing Guidelines, a two (2) level decrease as a minor participant for his role in the offense of conviction.

8. The defendant is aware that the sentence has not yet been determined by the court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the government, or the probation office, is a prediction, not a promise, and is not binding on the government, the probation office or the court. The defendant understand further that any recommendation that the government makes to the court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the court and the court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in paragraph three above, that the defendant may not withdraw his plea based upon the court's decision not to accept a sentencing recommendation made by the defendant, the government, or a recommendation jointly made by both the defendant and the government.

9. The United States and the Defendant agree that the Defendant is an appropriate candidate for drug abuse programming and that he would benefit from successful completion of

the kind of programming available through the Federal Bureau of Prisons. To that end, the parties will jointly request that the sentencing Court make a specific recommendation to the Bureau that the Defendant be designated to a facility where he can participate in a residential drug abuse treatment program and will jointly request that said recommendation be included in the Judgment Order to be issued as part of the sentencing process.

10.    This is the entire agreement and understanding between the United States and the defendant. There are no other agreements, promises, representations, or understandings.

                                      GUY A. LEWIS
                                      UNITED STATES ATTORNEY

Date: _____    By: _____
                               EDWARD R. RYAN
                               ASSISTANT UNITED STATES ATTORNEY

Date: _____    By: _____
                               BRUCE LYONS
                               ATTORNEY FOR THE DEFENDANT

Date: _____    By: _____
                               JAMES BLAKE BEESON
                               DEFENDANT

ERR:km           UNITED STATES DISTRICT COURT
                 SOUTHERN DISTRICT OF FLORIDA

CASE NO. **00-6158**CR-DIMITROULEAS

21 USC §846
21 USC §841(a)(1)
18 USC §2

MAGISTRATE JUDGE
SNOW

UNITED STATES OF AMERICA,  )
                           )
              Plaintiff,   )
vs.                        )
                           )
JAMES BLAKE BEESON,        )
                           )
              Defendant.   )
_____)

### INDICTMENT

The Grand Jury charges that:

### COUNT I

From on or about May 15, 2000 through on or about May 19, 2000, at Broward County, in the Southern District of Florida, the defendant,

JAMES BLAKE BEESON,

did knowingly and intentionally combine, conspire, confederate and agree with persons known and unknown to the Grand Jury to possess with intent to distribute a Schedule I controlled substance, that is, a mixture and substance containing a detectable amount of

methylenedioxymethamphetamine (MDMA), in violation of Title 21, United States Code, Section 841 (a)(1), all in violation of Title 21, United States Code, Section 846.

### COUNT II

On or about May 19, 2000, at Broward County, in the Southern District of Florida, the defendant,

JAMES BLAKE BEESON,

did knowingly and intentionally possess with intent to distribute a Schedule I controlled substance, that is, a mixture and substance containing a detectable amount of methylenedioxymethamphetamine (MDMA); in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

A TRUE BILL

_____
FOREPERSON

_____
GUY A. LEWIS
UNITED STATES ATTORNEY

_____
EDWARD R. RYAN
ASSISTANT UNITED STATES ATTORNEY

2

| UNITED STATES OF AMERICA | CASE NO. _____ |
|---|---|
| v. | **CERTIFICATE OF TRIAL ATTORNEY*** |

<u>JAMES BLAKE BEESON</u>

**Court Division:** (Select One)

__ Miami __ Key West
_X_ FTL __ WPB __ FTP

**Superseding Case Information:**
New Defendant(s)    Yes ___   No ___
Number of New Defendants    ___
Total number of counts    ___

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter:      (Yes or No) ____NO_____
   List language and/or dialect ____English_____

4. This case will take __3__ days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)
   I    0 to 5 days       _X_        Petty        ___
   II   6 to 10 days      ___        Minor        ___
   III  11 to 20 days     ___        Misdem.      ___
   IV   21 to 60 days     ___        Felony       _X_
   V    61 days and over  ___

6. Has this case been previously filed in this District Court? (Yes or No) _No_
   If yes:
   Judge: _____  Case No. _____
   (Attach copy of dispositive order)..

   Has a complaint been filed in this matter?    (Yes or No)  Yes
   If yes:
   Magistrate Case No. __00-4118 SNOW__
   Related Miscellaneous numbers:_____
   Defendant(s) in federal custody as of __No__
   Defendant(s) in state custody as of _____
   Rule 20 from the _____  District of _____
   Is this a potential death penalty case? (Yes or No)  No

7. Does this case originate from a matter pending in the U. S. Attorney's Office prior to April 1, 1999? ___ Yes _x_ No    If yes, was it pending in the Central Region? ___ Yes _x_ No

EDWARD . RYAN
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No. A500053

*Penalty Sheet(s) attached

REV.4/7/99

AO 190 (9/91)