UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 00-6215-CR-DIMITROULEAS

UNITED STATES OF AMERICA

V.

RICHARD SCRIVER
_____/

### GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO SUPPRESS STATEMENTS

COMES NOW the United States of America, by and through the undersigned Assistant United States Attorney and files this response in opposition to the defendant's motion to suppress statements and in support thereof states as follows:

### FACTS

In May, 2000 the defendant Richard Scriver ("Scriver") and co-conspirator James Beeson agreed to sell tablets of MDMA ("ecstacy") to a DEA cooperating source. On May 20, 2000, Scriver delivered approximately 6,900 pills to co-conspirator Beeson, and both were arrested by special agents of the DEA. Scriver was transported to the DEA Field Office in Fort Lauderdale for processing. He was advised of his Miranda rights by Special Agent Kenneth McCarron and Task Force Officer (TFO) Nancy Cook. Scriver indicated to the agents that he would be interested in speaking with them at length, however he was not ready to do so at that time.



On May 22, 2000, both Scriver and Beeson were charged, by way of criminal complaint, with possession with the intent to distribute MDMA, in violation of Title 21 United States Code, Section 841(a)(1). On that same day, Scriver appeared before a United States Magistrate Judge for his initial appearance. Scriver was represented by Attorney Arthur Marchetta, and was released on a $100,000 personal surety bond. Immediately following his release from custody, Scriver placed a phone call to Special Agent McCarron and TFO Cook, and advised them that he was now ready to speak with them. On May 22, 2000, Scriver and the agents sat on a public bench in Fort Lauderdale and talked.

Prior to the interview, the agents reminded the defendant that if he did not wish to talk with them they would simply drive him back to the courthouse and he could be on his way. Furthermore, the agents told him that they could not make any promises to him concerning the outcome of his case and that all charging decisions were made by the prosecutor. He was advised that if he choose to cooperate, any cooperation would be passed along to the Assistant United States Attorney handling the case. Scriver gave the agents his version of what occurred during the narcotics transaction and explained how he came to be involved in selling ecstacy to the DEA confidential source. Over the next several months, Scriver continued to provide information to the DEA and met (both with his attorney and alone) with the agents on numerous occasions. Through counsel, Scriver indicated that he was willing to waive indictment and plead guilty to a criminal information charging him with one count of conspiracy to possess with the intent to distribute MDMA ("ecstacy"). A criminal information was filed by the United States Attorney on August 8,

2000. Subsequent to the filing of the criminal information, Scriver had a change of heart (and attorneys) and decided that he would proceed to trial. Unable to proceed by indictment without the consent of the defendant, the United States Attorney presented the matter to a federal grand jury and Scriver was indicted. Scriver now argues that the statements made to the DEA agents following his initial appearance in federal court were involuntary and must be suppressed. His argument is without merit and his motion should be denied.

## MEMORANDUM OF LAW

Scriver asserts that his confession should have been suppressed because it was the product of improper promises of benefit or improper inducements in violation of his Fifth Amendment rights, and his due process rights. Contrary to his assertions, there was no improper promise or inducement. Rather, Scriver, who was represented by counsel, voluntarily agreed to cooperate with the DEA agents and provided an admissible confession.

It is not disputed that the confession at issue in this case was given by Scriver when he was both represented by Counsel and was not under arrest. Consequently, the provisions of <u>Miranda v. Arizona</u>, 384 U.S. 436, 460 (1966), were inapplicable. Scriver does not raise any violation of Miranda. In contrast, his sole contention is that his confession was coerced, even though 1) he was not in custody when the confession was made, and was free to leave at any time; 2) he was represented by counsel; and 3) he was advised by the agents that they could not make any promises of leniency. Scriver's claim of improper inducement is without merit.

3

### A. Standard For Voluntariness Of Confessions.

A confession is voluntary if it is the product of a free and unconstrained choice by its maker. Official coercion must occur which overbears the defendant's will to resist in order for a confession to be involuntary. Schneckloth v. Bustamonte, 412 U.S. 218, 225 (1973); Culombe v. Connecticut, 367 U.S. 568, 602 (1961); Leon v. Wainwright, 734 F.2d 770, 772 (11th Cir. 1984); United States v. Vera, 701 F.2d 1349, 1364 (11th Cir. 1983). In determining whether a confession is voluntary no single criterion controls. The decision whether a confession is voluntary is determined by an examination of the totality of the circumstances attendant to the making of the confession. See Fare v. Michael C., 442 U. S. 707, 726 (1979); Mincey v. Arizona, 437 U.S. 385, 401 (1978); Haynes v. Washington, 373 U.S. 503, 513 (1963).

In United States v. Nash, 910 F.2d 749, 753 (11th Cir. 1990) ( quotation and citation omitted), the Eleventh Circuit ruled that, "telling the defendant in a noncoercive manner of the realistically expected penalties and encouraging [him] to tell the truth is no more than affording [him] the chance to make an informed decision with respect to [his] cooperation with the government." Similarly, the Eleventh Circuit has held that informing a potential defendant of the legal consequences that could flow from his criminal acts, when coupled with a statement that the nature and extent of his or her cooperation would be communicated to the sentencing judge, does not rise to the level of a coercive confession.

A statement by a law enforcement agent to an accused that the accused's cooperation would be passed on to judicial authorities and would probably be helpful to

4

him is not a sufficient inducement so as to render a subsequent incriminatory statement involuntary. Likewise, a truthful and non coercive statement of the possible penalties which an accused faces may be given to the accused without leading to an involuntary statement.

United States v. Davidson, 768 F.2d 1266, 1271 (11th Cir. 1985). Accord Williams v. Johnson, 845 F.2d 906, 909 (11th Cir. 1988); Martin v. Wainwright, 770 F.2d 918, 925-27 (11th Cir. 1985), modified, 781 F.2d 185 ( 11th Cir.), cert. denied, 479 U.S. 909 (1986); United States v. Vera, 701 F.2d 1349, 1364 (11th Cir. 1983).

Scriver's reliance, in his motion to suppress, on Bram v. United States, 168 U.S. 532 (1897), is misplaced. Bram held that a confession obtained from a defendant was coerced when the defendant was 1) incarcerated for the crime of murder; 2) ordered to strip naked by police authorities; and 3) questioned by police authorities without counsel, after having been stripped naked. 168 U.S. at 194.

In reaching its decision, the Court conducted an exhaustive review of the law of confessions, and in so doing quoted a treatise which said that a confession is involuntary if it was obtained by any "direct or implied promises, however slight . . .." Id. at 543 (quoting 3 Russ. Crimes 478 ( 6th Ed.)). It is this quotation on which Scriver relies. However, the Court in Bram took great pains to observe that its review of legal authorities should not be interpreted as approval of those authorities. Id. at 563. Accordingly, Bram itself states that the quoted language is at most *obiter dicta*. Moreover, the facts in Bram stand in sharp contrast to the instant case in which Scriver initiated the meeting, was not in custody and was not subject to the indignity of being questioned naked.

The Bram language concerning promises of leniency must be read within the context of the decision, which involved custodial interrogation without counsel. Indeed, Bram may well be accurately viewed as a distant foreshadowing of the Court's subsequent decision in Miranda v. Arizona, 384 U.S. 436 (1966), establishing safeguards to be followed by police when conducting custodial interrogations. In any event, the courts have held that the quoted language in Bram, which is relied on by Scriver, does not abrogate the rule that the "presence of a direct or implied promise of help or leniency alone has not barred the admission of a confession where the totality of the circumstances indicates it was the product of a free and independent decision. Green v. Sully, 850 F.2d 894, 901 (2d Cir.), cert. denied, 488 U.S. 945 (1988) ( discussing at length the Bram decision). See United States v. Leon Guerrero, 847 F.2d 1363, 1366 (9th Cir. 1988) (Bram "has not been applied to invalidate, per se, all statements made by a suspect in response to a promise made by law enforcement personnel"). Accordingly, Bram does not support Scriver's contention that his confession must be suppressed.

Scriver also relies upon Grads v. Boles, 398 F.2d 409 (4th Cir. 1968) and United States v. Shears, 614 F.Supp. 1096 (D. Md. 1985). Neither of these cases are applicable to the facts in the instant case. In Grads the defendant was interrogated at great length by police detectives and refused to make a confession. He was taken(without counsel) to meet with the prosecutor and told that "in all probability" he would not be charged as a habitual offender Later he was. Grads at 412. The Fourth Circuit, noting that the defendant had withstood intense police questioning and did not have the benefit of legal counsel, and only confessed after receiving specific assurances from the prosecutor,

6

concluded that the statement should be suppressed. In the instant case, the defendant was not in custody, had obtained legal counsel, willingly contacted the agents and was not made any promises concerning the outcome of his case. Similarly, in Shears, the court specifically credited the testimony of the defendant that he had been promised that if he cooperated he could plead guilty to a lesser charge. Shears at 1098. The court concluded that there are "certain promises whose attraction renders a resulting confession involuntary if the promises are not kept." Id. at 1100. Again, in this case and the others cited by Scriver the court found that specific promises of leniency had been made to the defendant concerning a lesser charge or reduced sentence. Such assurances were not made in the case at bar.

### B. Scriver's Confession Was Not Coerced.

The conduct of the agents fully complied with the applicable standards set forth above. There were no promise that Scriver would be a confidential informant, or that he would receive a reduced sentence, lesser charge, and certainly not that he could escape prosecution altogether. Scriver's argument that he was either told explicitly or led to believe that by cooperating he could remain out of jail and not be charged, is pure fiction. Indeed, Scriver had just been formally charged with conspiracy to possess with the intent to distribute narcotics and later agreed to plead guilty to a criminal information charging with the same violation. Obviously, serious criminal charges were not a shock to him.

In conclusion, nearly all defendants who choose to confess their crimes and provide information to law enforcement do so in hopes of deriving some benefit. However the mere fact that they confess in hopes of receiving leniency at some future time does not

render their statements involuntary. In this case, the totality of the circumstances conclusively demonstrates that Scriver's confession was not the product of coercion. Instead it was a free and rational choice, made after having been informed by law enforcement authorities of the possible mitigating effect a confession could have on his sentence. Scriver's statements to the agents was voluntary and therefore his motion to suppress should be denied.

**CONCLUSION**

WHEREFORE, the United States respectfully requests that defendant's motion to suppress statements be denied.

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

By: Dana O. Washington
Assistant United States Attorney
Court No. A5500418
500 East Broward Blvd., Suite 700
Fort Lauderdale, FL 33394
Phone: (954) 356-7255
Fax: (954) 356-7336

8

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was hand delivered this 24th day of November, 2000, to Jeanne Baker, 2937 Southwest 27th Ave., Miami, Florida, 33131.

DANA O. WASHINGTON
ASSISTANT UNITED STATES ATTORNEY

9