UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,   CASE NO. 00-6215-CR-DIMITROULEAS

Plaintiff,

vs.

RICHARD SCRIVER,

Defendant.
_____/

FILED by _____ D.C.

NOV 2 9 2000

CLARENCE MADDOX
CLERK, U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

## ORDER

THIS CAUSE having been heard upon Defendant's November 20, 2000 Motion To Suppress Statements[1] [DE-53], and the Court having considered Government's November 24, 2000 Response to Motion to Suppress Statements [DE-62], and the Court having received testimony from Officer Nancy Marie Cook, Agent Kenneth McCarron, Arthur Marchetta, and the Defendant at an evidentiary hearing held on November 27, 2000, having heard arguments of counsel on November 28, 2000, having reviewed two exhibits and having determined credibility of witnesses, finds as follows:

1. On May 20, 2000, the Defendant and James Beeson were arrested on a drug charge by the Drug Enforcement Agency (DEA). Officer Cook, in Agent McCarron's presence, read the Defendant his Miranda rights. The Defendant said that he understood his rights and revealed that he had previously co-operated with the DEA in Georgia, and he stated that he knew that it was the best thing to do. The Defendant stated that he wanted to co-operate and knew that he was in

---

[1] At the November 28th argument, defense counsel specified that the statements sought to be suppressed were made on May 20, 2000 both during the ride to the condo and at the condo, and also on May 22, 2000 in the agent's car.



a pickle. No promises were made to the Defendant about the case or his charges. He was told that he was being charged with Possession of MDA with intent to deliver.[2] The Defendant was told that the agents would try to work out with the attorneys how to get the Defendant out of jail. The Defendant said that if he was gone for three or four days that people would wonder where he was, and it was agreed that they should try to see if he could be released as soon as possible to facilitate his being able to provide substantial assistance. The Defendant was told that the prosecutor would be made aware of any substantial assistance rendered. The Defendant was anxious to help himself. He consented to a search of his condo. On the way to the condo, the Defendant talked about his knowledge of other drug activities. The Defendant was never told that he would not be charged.

2. Hollywood Officer Barnick recommended [3]attorney Arthur Marchetta to the Defendant. The Defendant called Marchetta on May 21, 2000. Marchetta met with the Defendant at the jail that night. The Defendant told Marchetta that he was going to co-operate. Marchetta discussed all of the Defendant's options with him; he discussed the pros and cons. The Defendant was told that there were negatives to co-operating.

3. On May 22, 2000, the Defendant and James Beeson appeared before Magistrate Judge Lurana Snow for an initial and first appearance on a complaint of Possession with Intent to

---

[2]If the agents misrepresented the strength of their case by saying that they had everything on tape, it did not destroy the voluntariness of the statements. U.S. v Palmer, 203 F. 3d 55, 62 (1st Cir. 2000). Moreover, telling the Defendant what the maximum sentence was on the charge, as opposed to his guideline sentence, would not be a misrepresentation. U.S. v. Mendoza-Cecelia, 963 F. 2d 1467 (11th Cir. 1992). One wonders how a police officer could even know, on the day of the Defendant's arrest, what the Defendant's sentencing guidelines would recommend. The Court is not even comfortable, in almost all cases, with that estimate until after a Pre-Sentence Investigation Report has been completed.

[3]The prosecutor conceded in his November 28th argument that such a procedure is to be discouraged. However, there is no argument or indication that Arthur Marchetta performed unprofessionally or ineffectively in this case.

Distribute MDMA. Even though Mr. Marchetta entered a temporary appearance on the Defendant's behalf, the Defendant was told that if he could not afford an attorney, one would be appointed for him. Bond was set at $200,000.00, personal surety. After his release from jail, the Defendant phoned the agents, and they picked him up. He was not in custody. Oregon v. Mathiason, 97 S. Ct. 711 (1977). There were no promises about the conversations being off the record. Subjectively, the Defendant was concerned about his going to jail and being deported. However, the Defendant admits that no promises were made to him about either concern. Coombs v. Maine, 202 F. 3d 14, 19 (1st Cir. 2000). The Defendant was very co-operative. The questioning on May 22, 2000 was not custodial; therefore Miranda warnings were unnecessary.

4. Based upon the totality of the circumstances, the statements were freely and voluntarily made. Any representations about a possible release from jail did not destroy the voluntariness of the Defendant's statements. U.S. v. Ferrara, 377 F. 2d 16, 18 (2d Cir. 1967); U.S. v. Glover, 104 F. 3d 1570, 1582 (10th Cir. 1997); see also, Bradley v. Nagle, 212 F. 3d 559, 566 (11th Cir. 2000). The Defendant knew that his only way out of his predicament was to co-operate. He knew that time was of the essence. U.S. v. Coleman, 208 F. 3d 786, 791 (9th Cir. 2000). He wanted to believe that his co-operation would lead to a favorable result, but those subjective feelings were not based upon promises from the agents. U.S. v. Sherrs, 762 F. 2d 397, 401-403 (4th Cir. 1985); U.S. v. Peck, 161 F. 3d 1171, 1174 (8th Cir. 1998); U.S. v. Pierce, 152 F. 3d 808, 812-813 (8th Cir. 1998). The Government agents gave him the opportunity to make an informed decision with respect to co-operating with the Government. U.S. v. Nash, 910 F. 2d 749, 753 (11th Cir. 1990). He had the advice of counsel prior to making his decision on May 22, 2000. Had the Defendant's co-operation resulted in a misdemeanor charge, then the Court suspects that there would have been no motion to suppress.

5. Any psychological pressure on the Defendant was self-induced, it did not emanate from the agents. Colorado v. Connelly, 107 S. Ct. 515 (1986).

6. The conversations in the car were not plea negotiations. U.S. v. Knight, 867 F. 2d 1285, 1288 (11th Cir. 1989); U.S. v. Davidson, 768 F. 2d 1266, 1271 (11th Cir. 1985). The agents were not acting on behalf of the Government. U.S. v. Brumley, 217 F. 3d 905, 909-910 (7th Cir. 2000).

7. The statements were freely and voluntarily made. The Defendant's will was not overbourne in this case, considering all factors. U.S. v. Mahan, 190 F. 3d 416, 422-23 (6th Cir. 1999).

Wherefore, Defendant's Motion To Suppress Statements is DENIED.

DONE AND ORDERED in Chambers at Fort Lauderdale, Broward County, Florida, this 29 day of November, 2000.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Dana Washington, AUSA

Jeanne Baker, Esquire
2937 S.W. 27th Avenue, #202
Miami, FL 33131

David Tucker, Esquire
2600 Douglas Road, #1108
Coral Gables, FL 33134