UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FILED by ___ D.C.
NOV 30 2000
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

UNITED STATES OF AMERICA,    CASE NO. ~~99-432-CR-~~
DIMITROULEAS
    Plaintiff,            *00-6215 CR WPD*

v.

RICHARD LLOYD SCRIVER
    Defendant.
_____/

## DEFENDANT'S PROPOSED INSTRUCTIONS

Respectfully submitted,

**JEANNE BAKER, ESQ**.
Florida Bar No. 0880700
2937 Southwest 27th Avenue, Suite 202
Miami, Florida 33131-3703
(305) 443-1600
(305) 445-9666 (fax)

**DAVID K. TUCKER**
Florida Bar No.406023
Tucker & Kotler, P.A.
2600 Douglas Road, ste. 1108
Coral Gables, Florida 33134-6125
(305) 461-3627

COUNSEL for RICHARD LLOYD SCRIVER

By: *[signature] Jeanne Baker*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the above and foregoing was hand-delivered this 30TH day of November, 2000, to Assistant United States Attorney Dana O. Washington, United States Attorney's Office, 500 East Broward Boulevard, Suite 700, Fort Lauderdale, Florida 33394-3002.

By: /s/ Jeanne Baker
Jeanne Baker, Esq.

## **DEFENDANT'S PROPOSED JURY INSTRUCTIONS NO. 1**

### **Credibility of Witnesses**

Now, in saying that you must *consider* all of the evidence, I do not mean that you must *accept* all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not the tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness's testimony differ from other testimony or other evidence?

*Eleventh Circuit Pattern Jury Instruction: Basic Instruction No.5.*

### DEFENDANT'S PROPOSED JURY INSTRUCTIONS NO. 2

### Impeachment, Inconsistent Statement and Felony Conviction
### (Defendant Testifies with No Felony Conviction)

You should also ask yourself whether there was evidence tending to prove that a witness testified falsely concerning some important fact; or, whether there was evidence that at some other time a witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

The fact that a witness has been convicted of a felony offense, or a crime involving dishonesty or false statement, is another factor you may consider in deciding whether you believe that witness.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether it was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

A Defendant has a right not to testify. If a Defendant does testify, however, you should decide in the same way as that of any other witness whether you believe his testimony.

*Eleventh Circuit Pattern Jury Instruction: Basic Instruction No. 6.5*

### DEFENDANT'S PROPOSED JURY INSTRUCTIONS NO. 3

### Reputation (or Opinion) Concerning Truthfulness

There may also be evidence tending to show that a witness has *a good reputation or* a bad reputation for truthfulness in the community where the witness *is known or has recently been known*; or that others have *a favorable* or an unfavorable opinion of the truthfulness of the witness.

You may consider those matters also in deciding whether to believe or disbelieve such a witness.

*Eleventh Circuit Pattern Jury Instruction: Basic Instruction No.6.7* **(modified).**

### DEFENDANT'S PROPOSED JURY INSTRUCTIONS NO. 4

### Accomplice - Co-Defendant - Sentence Reduction Prospect
### Addictive Drugs

The testimony of some witnesses must be considered with more caution than the testimony of other witnesses.

In this case, the Government called as one of its witnesses a person *who previously pled guilty and was sentenced for the same crime as the one charged in the indictment in this case. The federal sentencing guidelines provide for the possibility that this witness can obtain a sentence reduction for providing the Government with substantial assistance.* A witness who hopes to gain favorable treatment may have a reason to make a false statement because the witness wants to strike a good bargain with the Government. *In evaluating the testimony of such a witness, you should consider the extent to which it may have been influenced by the witness's receipt of, or expectation of receipt of, a benefit from the government, and particularly any benefit contingent on providing testimony helpful to the government.*

Also, a witness using addictive drugs during the time he or she testified about may have an impaired memory concerning the events that occurred during that time.

So, while a witness of these kinds may be entirely truthful when testifying, you should consider such testimony with more caution than the testimony of other witnesses.

And, of course, the fact that a witness has plead guilty to the crime charged in the indictment is no evidence, in and in itself, of the guilt of any other person.

*Eleventh Circuit Pattern Jury Instruction*: *Special Instructions 1.2* (**modified**)**and** *1.3* (**combined**).

## DEFENDANT'S PROPOSED JURY INSTRUCTIONS NO. 5

### Failure to Call Informant

When a witness is within the control of the government, such as the confidential informants were in this case, and the witness has information relevant to the facts in issue, the jury is permitted to draw the inference, if the government fails to call such witness, that the testimony of the witness would be favorable to the defendant and adverse to the government.

*United States v Nahoom*, **791 F.2d 841, 846 (11th Cir. 1986)**; *United States v Chapman*, **435 F.2d 1245, 1247 (5th Cir. 1970)**, *cert. denied*, **402 U.S. 912 (1971).**

## DEFENDANT'S PROPOSED JURY INSTRUCTIONS NO. 6

### Testimony of Law Enforcement Officers

The testimony of law enforcement officers is to be given no more nor less weight than the testimony of other witnesses, and is to be examined by the same tests I have instructed you to apply with regard to other witnesses. Just as with any witness, you may accept or reject in whole or in part the testimony of a law enforcement officer.

*United States v. Nash*, **910 F.2d 749, 755 (11th Cir. 1990).**

<u>**DEFENDANT'S PROPOSED JURY INSTRUCTIONS NO. 7**</u>

<u>**Confession -- Statement**</u>
<u>**(Single Defendant)**</u>

When the Government offers testimony or evidence that a Defendant made a statement or admission to someone, after being arrested or detained, the jury should consider the evidence concerning such a statement with caution and great care.

It is for you to decide (1) whether the Defendant made the statement and (2) if so, how much weight to give to it. In making those decisions you should consider all of the evidence about the statement, including the circumstances under which the Defendant may have made it.

*Eleventh Circuit Pattern Jury Instruction: Special Instruction 2.2*

## **DEFENDANT'S PROPOSED JURY INSTRUCTIONS NO. 8**

### **Character Evidence**

The Defendant has offered evidence of the Defendant's traits of character, and such evidence may give rise to a reasonable doubt.

Where a Defendant has offered testimony that the Defendant is an honest and law-abiding citizen, the jury should consider that testimony, along with all the other evidence, in deciding whether the Government has proved beyond a reasonable doubt that the Defendant committed the crime charged.

*Eleventh Circuit Pattern Jury Instruction: Special Instruction 11.*

## **DEFENSE PROPOSED JURY INSTRUCTION NO. 9**

### **Entrapment**

The Defendant asserts "entrapment" concerning the offense charged in the indictment. A Defendant is "entrapped" when the Defendant is induced or persuaded by law enforcement officers or their agents to commit a crime that the Defendant had no previous intent to commit; and the law as a matter of policy forbids a conviction in such a case.

However, there is no entrapment where a Defendant is ready and willing to break the law and the Government agents merely provide what appears to be a favorable opportunity for the Defendant to commit the crime. For example, it is not entrapment for a Government agent to pretend to be someone else and to offer, either directly or through an informer or other decoy, to engage in an unlawful transaction with the Defendant. So, a Defendant would not be a victim of entrapment if you should find, beyond a reasonable doubt, that the Defendant, before contact with Government officers or their agents, was ready, willing and able to commit the crime charged in the indictment whenever opportunity was afforded and that Government officers or their agents did no more than offer an opportunity.

On the other hand, if the evidence in the case leaves you with a reasonable doubt whether the Defendant had any intent to commit the crime except for inducement or persuasion on the part of some Government officer or agent, then it is your duty to find the Defendant not guilty.

I instruct you that the term "Government agent" as used in this instruction refers not only to law enforcement officials, but also to persons acting for or at the request of law enforcement officials, including informers and cooperating witnesses.

*Eleventh Circuit Pattern Jury Instruction Special Instruction: No. 12.1* (**first 3 paragraphs**); *United States v. Anderton,* **629 F.2d 1044, 1047-1049 (5th Cir. 1990),** *United States v. Atell,* **655 F.2d 703, 705-706 (5th Cir. 1981),** *see also Eleventh Circuit Pattern Jury Instruction Special Instruction: No. 12.2* (**last paragraph**).