UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

UNITED STATES OF AMERICA, )   CASE NUMBER: 00-6215-CR-WPD
   Plaintiff,
vs. )

RICHARD LLOYD SCRIVER, )
   Defendant.
_____/

## MOTION OF DEFENDANT RICHARD SCRIVER FOR NEW TRIAL OR ARREST OF JUDGMENT

The Defendant, Richard Lloyd Scriver ("SCRIVER") seeks a new trial or arrest of judgment following his conviction. This motion is supported by Rules 29, 33 and 34 of the Federal Rules of Criminal Procedure, as well as the Fifth and Sixth Amendments to the United States Constitution. The defendant adopts and incorporates all prior motions and objections made during the course of the trial. The following additional grounds further justify the granting of post verdict relief:

1. The government failed to prove by credible evidence beyond a reasonable doubt that the defendant was predisposed to participating in this drug conspiracy. The evidence, viewed in the light most favorable to the government established that SCRIVER was the subject of a DEA sting, whereby he was to participate in the sale of millions of dollars of property. Further, that he would make almost one million dollars in commissions from the sale of real estate and that a condition of the sale was that he locate a source to distribute MDMA.

2. The court erred in allowing the government to introduce uncharged misconduct, which was not part of the charged conspiracy and which was not previously

disclosed to the defense. The defense was surprised by the testimony of James Beeson, who testified that he had prior conversations with SCRIVER about the distribution and testing of MDMA. This information was critical to our case and went to the heart of our entrapment defense. For the very first time at the trial, we were placed on notice that there was additional evidence of drug dealing - or - predisposition. Rule 404(b) Fed R. Evid. requires that the government provide pre-trial notice to the defendant of its intent to introduce evidence pursuant to Rule 404(b). *United States vs. Lampley*, 68 F.3rd 1296 (11th Cir. 1995). Not one of the conversations testified to fell within the time frame of the indicted conspiracy. Nor did they involve the actual agreement to distribute MDMA in May, 2000. Therefore, they were not intertwined with the events alleged in the indictment and admission of the evidence was incurably prejudicial to SCRIVER.

3.  The court also erred in allowing the governments "expert", Detective Juan Bruna, to testify that MDA is also known as extacy. The Rule 16 disclosure made by the government stated that his testimony was limited to testifying regarding the value of the contraband. (See attached). It was only **after** the defense raised the issue of the defendant's lack of knowledge that the contraband delivered was not MDMA, that the government modified Bruna's testimony to include his opinion that MDA is also known as ecstacy. The defense was surprised and unduly prejudiced. We fully expected the witness to testify consistent with the Rule 16 disclosure. The failure to give the appropriate pre-trial (or even at trial) notice requires that the court grant a new trial.

WHEREFORE, for all of the above reasons, we request that a new trial be granted.

2

Respectfully submitted,

| | |
|---|---|
| **JEANNE BAKER** | **DAVID K. TUCKER** |
| Attorney at Law | Tucker & Kotler, P.A. |
| Grove Forest Plaza, Suite 202 | Douglas Centre, Suite 1108 |
| 2937 Southwest 27th Avenue | 2600 Douglas Road |
| Miami, Florida 33131-3703 | Coral Gables, Florida 33134-6125 |
| (305) 443-1600 | (305) 461-3627 |
| By: _____ | By: _____ |
| JEANNE BAKER | DAVID K. TUCKER |
| Florida Bar Number: 0880700 | Florida Bar Number: 406023 |

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was delivered via US mail this ____ day of **December, 2000** upon DANA WASHINGTON, ESQUIRE, (AUSA), United States Attorney's Office, JLK Federal Justice Building, 99 Northeast Fourth Street, Miami, Florida 33132-2111.

By: _____
JEANNE BAKER

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6215-CR-DIMITROULEAS

UNITED STATES OF AMERICA

vs.

RICHARD SCRIVER
_____/

## GOVERNMENT'S NOTICE OF EXPERT TESTIMONY

The United States of America, by and through the undersigned Assistant United States Attorney hereby provides notice pursuant to Fed. R. Crim. P. 16(a)(1)(E) of the Government's intent to use expert testimony in its case-in-chief at trial, and states as follows:

**Name of Witness:** Juan C. Bruna

**Training/Qualifications:** See attached Summary of Training and Qualifications.

**Summary of Testimony/Opinion and basis:**

The government intends to call Juan C. Bruna, a qualified forensic chemist who will give an expert opinion that the material seized by agents of the DEA on May 19, 2000 and introduced into evidence by the government contains 3,4 Methylenedioxyamphetamine with net weights of 1927 grams and 362.6 grams. He will also testify that two of the tablets tested contained caffeine. The basis of the opinion is a gas chromatography/mass spectrometry and Fourier Transform

Infrared Spectrophotometry test conducted by the witness, according to generally accepted practices and procedures. A copy of his report was previously provided as part of the government's response to the standing discovery order filed on September 29, 2000.

The government also intends to call Detective Eladio Paez, City of Miami Police Department. Detective Paez will testify that he has been a police officer for 19 years with the last 16 years devoted to narcotics investigations. He will testify that, based upon the his training and experience, the drug "Ecstacy" has a wholesale value of between $6.00 and $10.00 per tablet and a street value of between $15.00 and $30.00 per tablet. Furthermore, he will testify that based on his knowledge, and experience, the quantity of narcotics seized from the defendants is indicative of distribution quantities.

Having made this disclosure, the government hereby demands a written summary of expert testimony that the defense reasonably expects to offer at trial pursuant to Rules 702, 703 or 705 of the Federal Rules of Evidence, describing the witnesses' opinions, the bases and the reasons for those opinions, and the witnesses' qualifications.

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

BY: _____
DANA O. WASHINGTON
ASSISTANT UNITED STATES ATTORNEY
Court No. A5500418
500 E. Broward Blvd.
Ft. Lauderdale, FL 33394
Phone: (954) 356-7255 ext. 3520
Fax: (954) 356-7336

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was sent via facsimile this day, November 22, 2000, to:

David K. Tucker, Esq.
2600 Douglas Road
Douglas Center, Suite 1108
Coral Gables, FL 33134-6125
Fax: (305) 461-3628

Jeanne Baker, Esq.
2937 Southwest 27th Avenue, Suite 202
Miami, FL 33131-3703
Fax: (305) 445-9666

DANA O. WASHINGTON
ASSISTANT UNITED STATES ATTORNEY