UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

00  DEC 1 ₁  AM 10: 27

UNITED STATES OF AMERICA,    )    CASE NUMBER: 00-6215-CR-WPD
    Plaintiff,

vs.    )

RICHARD LLOYD SCRIVER,    )
    Defendant.

_____/

## MOTION OF DEFENDANT RICHARD SCRIVER FOR RELEASE PENDING SENTENCING WITH INCORPORATED MEMORANDUM OF LAW

The Defendant, Richard Lloyd Scriver ("SCRIVER"), pursuant to Title 18 U.S.C. §3143 requests that this Honorable Court enter an order granting him bail pending sentencing. Although a continuation of his current bail is sufficient to assure his appearance at sentencing and to protect society against any future criminal activity, the defendant is able to post a corporate surety bond of $100,000.00 with a special condition of electronic monitoring.

The record of proceedings in this court demonstrates by clear and convincing evidence that SCRIVER is not a risk of flight or a danger to the community. There is no possibility that the safety of any other person or the community will be adversely affected by SCRIVER's continuation on bond. His ties to the community remain strong. He has no prior involvement in the criminal justice system - he has never before been arrested and has been legitimately employed for his whole life. As SCRIVER was attentive to his pretrial release obligations, he should be released on reasonable conditions of bail pending sentencing, while he assists his attorneys in sentencing preparation.

## INTRODUCTION

1.    SCRIVER was arrested on May 20, 2000, charged with participating in a conspiracy to distribute MDMA and possession with intent to distribute MDMA in violation of Title 21 U.S.C. 841, et. seq.

2.    At his initial appearance on May 22, 2000, SCRIVER was released on a stipulated $100,000.00 Personal Surety Bond with conditions of reporting.

3.    On Thursday, November 30, 2000, after over eight months of liberty on bond, the jury convicted him of both counts. The verdict was unexpected and SCRIVER had hoped that the jury would agree that he was entrapped. SCRIVER has accepted the jury's decision. He knows he will be sentenced by this court on February 9, 2001. He recognizes that he is facing a term of imprisonment. After the verdict, the Court invited the defense to file a written motion requesting bond pending sentencing.

4.    SCRIVER is 46 years old and until the events giving rise to his arrest and conviction in this case has lived his entire life an honorable man.

5.    He is a Canadien citizen, who emigrated to Atlanta, Georgia in the late 1980's. He has been legally residing in the United States. In Atlanta, he and his wife, Constance opened two restaurants and owned the Aca Joe Franchise.

6.    Subsequently, SCRIVER and his wife moved to Miami, Florida. They opened and operated R.J. Gators Restaurant in Coral Springs, Florida. SCRIVER opened and operated Phantom Motorcycle Shop. Constance also invested in commercial real estate. The real estate was owned by her, but managed by SCRIVER.

2

7.    In the Spring of 2000, SCRIVER and Constance divorced. She sold part of her business to Everett Lynch. SCRIVER continued to manage the properties up until his detention after the verdict.

8.    The Court has already heard the numerous witnesses who were called by the defense in their case in chief. Each witness, including his now divorced wife Constance, testified as to SCRIVER's reputation for truthfulness and honesty. The Court also had the opportunity to judge SCRIVER's demeanor on the witness stand. The jury believed that he was not entrapped. However, that testimony was very much bolstered by SCRIVER's complete admission that he could have walked away from the deal at any time. In short, he told the truth. There is no virtue in being an honest felon - convicted of drug trafficking. However, we suggest it strongly bears on the Court's decision whether to release him on strict conditions of bond pending sentencing.

9.    SCRIVER's friend and employer, Everett Lynch, has agreed to post property located at 12355 Northeast 13th Avenue, North Miami, Florida. The property is listed for sale for over $1,150,000.00. There is a mortgage of $680,000.00. There is approximately $470,000.00 in equity in the property. Attached to this motion are the (a) warranty deed; (b) property listing; (c) mortgage statement; and, (d) statement from Everett Lynch regarding the source of funds to be used to pay a corporate bondsman.

10.    Based on the above, we believe that the release of SCRIVER on a $100,000.00 corporate surety bond with electronic monitoring is sufficient to guarantee his appearance at sentencing.

3

## MEMORANDUM OF LAW

Title 18 U.S.C. §3143(a) allows the release of a defendant pending sentencing, where the court finds:

- by clear and convincing evidence that the person is not likely to flee or poses a danger to the community and,

- there is a substantial likelihood that a motion for acquittal or new trial will be granted.

We have previously addressed SCRIVER's ties to the community, his character and history of law-abiding conduct. We believe that we have shown by clear and convincing evidence that he is not a risk of flight or a danger to the community.

In reference to the second prong of §3143, we believe that there is a substantial likelihood that the court will grant a motion for new trial. There are two areas which should cause the court to grant a new trial. First, the defense was surprised by the testimony of James Beeson, who testified that he had prior conversations with SCRIVER about the distribution and testing of MDMA. This information was critical to our case and went to the heart of our entrapment defense. For the very first time at the trial, we were placed on notice that there was additional evidence of drug dealing - or - predisposition. Rule 404(b) Fed R. Evid. requires that the government provide pre-trial notice to the defendant of its intent to introduce evidence pursuant to Rule 404(b). *United States vs. Lampley*, 68 F.3rd 1296 (11th Cir. 1995). The admission of the evidence was unduly prejudicial and could not be cured. The defense had already made opening statements and committed itself to an entrapment defense.

4

Second, the defense was surprised at the testimony of Detective Juan Bruna, who testified as an expert that MDA is also known as "extacy". The Rule 16 disclosure made by the government stated that his testimony was limited to testifying regarding the value of the contraband. (See attached). It was only after the defense raised the issue of the defendants lack of knowledge that the contraband delivered was not MDMA, that the government modified Bruna's testimony to include his opinion that MDA is also known as extacy. The defense was surprised and fully expected the witness to testify consistent with the Rule 16 disclosure. The defense was unduly prejudiced. The failure to give the appropriate pre-trial (or even in trial) notice requires that the court grant a new trial.

WHEREFORE for all of the above reasons, we request that this Honorable Court enter an order releasing RICHARD SCRIVER on a $100,000.00 corporate surety bond.

Respectfully submitted,

**JEANNE BAKER**
Attorney at Law
Grove Forest Plaza, Suite 202
2937 Southwest 27th Avenue
Miami, Florida 33181-3703
(305) 443-1600

By
JEANNE BAKER
Florida Bar Number: 0880700

**DAVID K. TUCKER**
Tucker & Kotler, P.A.
Douglas Centre, Suite 1108
2600 Douglas Road
Coral Gables, Florida 33134-6125
(305) 461-3627

By:
DAVID K. TUCKER
Florida Bar Number: 406023

5

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was delivered via US mail this __7__ day of December, 2000 upon DANA WASHINGTON, ESQUIRE, (AUSA), United States Attorney's Office, JLK Federal Justice Building, 99 Northeast Fourth Street, Miami, Florida 33132-2111.

By: _____
JEANNE BAKER

6

OFF. **16742** PG **3694**
REC.

Return to and
Instrument Prepared By: Benjamin R. Jacobi, P.A.
1313 N.E. 125th Street
North Miami, FL 33161

**95R140050** 1995 APR 10 12:57

Folio #06-2229-042-0250
Grantee(s) S.S.#(s):

DOCSTPDEE 4,290.00 SURTX 3,217.50
HARVEY RUVIN, CLERK DADE COUNTY, FL

## WARRANTY DEED

THIS INDENTURE, Made this 27th day of March, 1995 BETWEEN
BEST BUSINESS & TAX, INC., a Florida Corporation
whose post office address is: 2016 NE 161 Str., No. Miami, FL 33161
hereinafter called the Grantor, to SOLOVISION, INC., a Florida Corporation whose post
office address is: 2 N.E. 40th Str., Miami, FL 33137
hereinafter called the Grantee:

WITNESSETH: That the Grantor,* for and in consideration of the sum of Ten and
No/100 ($10.00) Dollars, and other valuable considerations, receipt whereof is hereby
acknowledged, hereby grants bargains sells aliens, remises,, releases, conveys and
confirms to the Grantee all that certain land situate in Dade county, Florida, viz:

> Lots 18 and 19 of ARCH CREEK, a Subdivision of the
> East 1/2 of the NE 1/4 of the SW 1/4 of Section 29,
> Township 52 South, Range 42 East, according to the
> Plat thereof as recorded in Plat Book B, Page 121 of
> the Public Records of Dade County, Florida; Less the
> West 25 feet of Lots 18 and 19 and that portion of said
> Lot 19 lying external to a 25.00 foot radius arc concave to
> the Northeast, tangent to a line 25.00 feet East of and
> parallel to the West line of said Lot 19 and tangent to the
> South line of said Lot 19.

*"Grantor" and "grantee" are used for singular or plural, as context requires.

SUBJECT TO: Conditions, restrictions, limitations and easements of record; taxes for the
year 1995 and subsequent years; zoning ordinances of applicable governmental authority.

TOGETHER with all the tenements, hereditaments and appurtenances thereto belonging
or in anywise appertaining.

TO HAVE AND TO HOLD, the same in fee simple forever.

OFF: 16742-3695
REC:

AND the Grantor hereby covenants with said Grantee that the Grantor is lawfully seized of said land in fee simple; that the Grantor has good right and lawful authority to sell and convey said land; that the Grantor hereby fully warrants the title to said land and will defend the same against the lawful claims of all persons whomsoever; and that said land is free of all encumbrances, except taxes accruing subsequent to December 31, 1994.

IN WITNESS WHEREOF, the said Grantors have hereunto set their hands and seals on the day and year first above written.

_____
Signature

_____
Printed Signature
Benjamin R Jacobi

_____
Signature

_____
Printed Signature
ARTHUR M. SHEPARD

BEST BUSINESS & TAX, INC

BY: _____
Michael A. Rauf

Address: 2016 NE 164th ST
N.M. Bead FL 33168

STATE OF FLORIDA )
               ) SS:
COUNTY OF      )
I hereby certify that on this 27th day of March, 1995, before me personally appeared Michael A. Rauf, as President of BEST BUSINESS & TAX, INC., A corporation under the laws of the State of Florida, to me known to be the person who signed the foregoing instrument as such officer and acknowledged the execution thereof to be his free act and deed as such officer for the uses and purposes therein mentioned and that the said instrument is the act and deed of such corporation. That said person is personally known to me or produced FL Dr license, as identification and did not take an oath.

WITNESS my hand and official seal at N.M. 18th I, in the County of Dade and State of Florida, the day and year last aforesaid.

_____
NOTARY PUBLIC

Produced: FL Dr license
Personally Known: _____

RECORDED IN OFFICIAL RECORDS BOOK
OF DADE COUNTY, FLORIDA
RECORD VERIFIED
HARVEY RUVIN,
Clerk of Circuit & County
Courts

_____
Benjamin R Jacobi
Printed Notary Signature

OFFICIAL NOTARY SEAL
BENJAMIN R JACOBI
COMMISSION NUMBER
CC321917
MY COMMISSION EXP.
OCT. 7, 1997

# Industrial

**Solovision, Inc.**

12355 NE 13th Avenue, Miami, FL



## INVESTMENT HIGHLIGHTS

- Excellent Loc. in N. Miami Beach Ind. Area
- Ease of management
- Excellent Starter Property
- Unique property w/strong, stable rental upside
- Recently renovated & well maintained





*Offices Throughout the United States*

**Marcus & Millichap**
Real Estate Investment Brokerage Company

**Listing Office:**
110 SE 6th Street
Ft. Lauderdale, FL 33301
Tel: 954-463-2400
Fax: 954-463-9222
Internet Address: www.marcusmillichap.com

This information has been secured from sources we believe to be reliable, but we make no representations or warranties, expressed or implied, as to the accuracy of the information. References to square footage or age are approximate. Buyer must verify the information and bears all risk for any inaccuracies. Copyright Marcus & Millichap, 1999. (Ad/wrpID 3420430 PropertyID 689736 Date: 11/14/00)

# Marcus & Millichap
Real Estate Investment Brokerage Company

# Solovision, Inc.
Industrial Office Warehouse

## INVESTMENT SUMMARY

| | | | |
|---|---|---|---|
| Price | $1,150,000 | Gross Sq.Ft. | 32,024 |
| Down Payment | $287,500 | Price per Gross Sq. Ft | $35.91 |
| Cap Rate | 11.19% | Net Rentable Sq.Ft. | 29,051 |
| Cash On Cash | 15.76% | Price per Net Rentable Sq.Ft | $39.59 |
| Year Built* | 1961 | Approx. Lot Size | 1:1 |

## DESCRIPTION

One existing single story industrially zoned flex style warehouse. The subject property was originally constructed in 1961 and has been renovated. The subject is solidly constructed of concrete block with a block wall exterior. The roof is a double T concrete truss roof with a hot built up roof. The property is in very good condition with very little or no deferred maintenance. Overall the property appears to have been carefully maintained during the course of its life. The front portion of the subject is used for office space and the rear portion is comprised of more traditional warehouse space with a total of five roll up doors. The property is fully sprinklered and fully air conditioned. All air conditioners have been recently replaced and there is new lighting and electric throughout the building. The roof on the office portion of the bldg. has been recently replaced.

The property is located in an industrial pocket of North Miami.

## FINANCING SUMMARY

A new 75% LTV Loan at a Market Rate of 8.5%. Amortization for 25 years with the entire balance due in full on the tenth anniversary of the mortgage.

## TENANT SUMMARY

- Roda Corp.
- Martin Login
- Harriett Dash
- H B Wallcovering
- Gordon Data Pro.
- Haltec Int'l Corp

## OPERATING DATA

| | Current |
|---|---|
| **INCOME** | |
| Scheduled Lease Income | $185,340 |
| Reimbursement | $13,200 |
| Other | |
| Total Income | $198,540 |
| Vacancy | 3.00% $5,550 |
| Gross Operating Income | $192,990 |
| Total Expenses | 34.71% $64,325 |
| Net Operating Income | $128,655 |
| Debt Service | $83,341 |
| Pre-Tax Cash Flow | 15.76% $45,314 |
| Principal Reduction | $10,429 |
| Total Return before Taxes | 19.39% $55,743 |
| **EXPENSES** | |
| Taxes | $19,068 |
| Insurance | $4,621 |
| Maintenance | $3,600 |
| Utilities | $21,000 |
| Management: 3% | $5,560 |
| Landscaping/Sweeping | $1,200 |
| Cleaning/Janitorial | $4,473 |
| Miscellaneous Reserves | $4,803 |
| **TOTAL EXPENSES:** | $64,325 |
| Total Expenses per RSF | $2.21 |

The information has been secured from sources we believe to be reliable, but we make no representations or warranties, expressed or implied, as to the accuracy of the information. References to square footage or age are approximate. Buyer must verify the information and bears all risk for any inaccuracies.   Copyright Marcus & Millichap 1999

12333 NE 13th Avenue, Miami, FL

## COMMERCIAL LOAN ACCOUNT STATEMENT

| | |
|---|---|
| Taxpayer Id | 65-0524891 |
| Due Date | 11/10/2000 |
| Statement Date | 11/09/2000 |
| Statement Number | 2000110900277 |
| Account Number | 002-222-7871767 |
| Instrument Number | 00001 |
| 00 033M | |

**TOTAL DUE**    **$5,899.55**

SOLOVISION INC
PO BOX 402702
MIAMI BEACH FL 33140-0702

WACHOVIA BANK, N.A.
POST OFFICE BOX 101206
HAPEVILLE GA 30392-1206

---

## 'OMMERCIAL LOAN ACCOUNT STATEMENT

**PAGE 1 OF 1**

**ommercial Loan Summary**    Due Date: 11/10/2000    Account: 002-222-787-176-7    Instrument: 00001

| | Current Due | Past Due | Total Due | |
|---|---|---|---|---|
| Principal | 704.51 | .00 | 704.51 | Interest Paid |
| Interest | 5,195.04 | .00 | 5,195.04 | Year-to-Date |
| Loan Fees | .00 | .00 | .00 | $51,429.57 |
| Commitment Fees | .00 | .00 | .00 | |
| Late Charges | .00 | .00 | .00 | |
| Total | $5,899.55 | $.00 | $5,899.55 | |

**ommercial Loan Current Billing Period**

| Description | Balance | From | To | Days | Rate | Interest | Fees | Principal |
|---|---|---|---|---|---|---|---|---|
| 08 Principal | | | 11/10/2000 | | | | | 704.51 |
| 08 Interest Accr | 679,637.32 | 10/10/2000 | 11/10/2000 | 31 | 9.0000 | 5,195.04 | | |
| Total | | | | | | $5,195.04 | | $704.51 |

ATTN - DAVID TUCKER

THANK YOU

12/6/00    Everett Lynch

to not send a payment for the amount billed.
our checking account 00019-738811 will be debited for $5,899.55 on 11/10/2000.

our billing statement includes only the amounts due at the time the statement was rendered. Any interim charges or adjustments in the interest, principal or other amounts in, from the time the billing statement was rendered to your payment due date, will be reflected on your next billing statement. Please call your Account Manager if you

ATTN - DAVID TUCKER

    THE BOND MONEY WILL BE COMING
FROM MY INCOME PROPERTY, SOLOVISION INC. /
VINCON INVESTMENT INC.

          THANK YOU

          Everett Lynch

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6215-CR-DIMITROULEAS

UNITED STATES OF AMERICA

vs.

RICHARD SCRIVER

_____/

## GOVERNMENT'S NOTICE OF EXPERT TESTIMONY

The United States of America, by and through the undersigned Assistant United States

Attorney hereby provides notice pursuant to Fed. R. Crim. P. 16(a)(1)(E) of the Government's

intent to use expert testimony in its case-in-chief at trial, and states as follows:

**Name of Witness:** Juan C. Bruna

**Training/Qualifications:** See attached Summary of Training and Qualifications.

**Summary of Testimony/Opinion and basis:**

The government intends to call Juan C. Bruna, a qualified forensic chemist who will give an

expert opinion that the material seized by agents of the DEA on May 19, 2000 and introduced

into evidence by the government contains 3,4 Methylenedioxyamphetamine with net weights of

1927 grams and 362.6 grams. He will also testify that two of the tablets tested contained caffeine.

The basis of the opinion is a gas chromatography/mass spectrometry and Fourier Transform

Infrared Spectrophotometry test conducted by the witness, according to generally accepted practices and procedures. A copy of his report was previously provided as part of the government's response to the standing discovery order filed on September 29, 2000.

The government also intends to call Detective Eladio Paez, City of Miami Police Department. Detective Paez will testify that he has been a police officer for 19 years with the last 16 years devoted to narcotics investigations. He will testify that, based upon the his training and experience, the drug "Ecstacy" has a wholesale value of between $6.00 and $10.00 per tablet and a street value of between $15.00 and $30.00 per tablet. Furthermore, he will testify that based on his knowledge, and experience, the quantity of narcotics seized from the defendants is indicative of distribution quantities.

Having made this disclosure, the government hereby demands a written summary of expert testimony that the defense reasonably expects to offer at trial pursuant to Rules 702, 703 or 705 of the Federal Rules of Evidence, describing the witnesses' opinions, the bases and the reasons for those opinions, and the witnesses' qualifications.

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

BY: _____

DANA O. WASHINGTON
ASSISTANT UNITED STATES ATTORNEY
Court No. A5500418
500 E. Broward Blvd.
Ft. Lauderdale, FL 33394
Phone: (954) 356-7255 ext. 3520
Fax: (954) 356-7336

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was sent via facsimile this

day, November 22, 2000, to:

David K. Tucker, Esq.
2600 Douglas Road
Douglas Center, Suite 1108
Coral Gables, FL 33134-6125
Fax: (305) 461-3628

Jeanne Baker, Esq.
2937 Southwest 27th Avenue, Suite 202
Miami, FL 33131-3703
Fax: (305) 445-9666

DANA O. WASHINGTON
ASSISTANT UNITED STATES ATTORNEY