UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

RICHARD SCRIVER,

    Petitioner,

vs.

UNITED STATES OF AMERICA,

    Respondent.

CASE NO.  02-60324-CIV-DIMITROULEAS
(00-6215-CR-DIMITROULEAS)



FILED by _____ D.C.

MAY 13 2002

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

---

## FINAL JUDGMENT AND ORDER DENYING PETITION

THIS CAUSE having been heard upon Petitioner's (Scriver) March 6, 2002, Motion to Vacate [DE-1] and the Court having granted leave to amend [DE-4], and the Court having considered the Government's March 22, 2002 Response [DE-5] and Scriver's April 1, 2002 Reply [DE-8] and Scriver's April 4, 2002 Supplemental Reply[1] and the Court having presided over an evidentiary hearing held on May 10, 2002, and received testimony from Scriver and Jeanne Baker, having determined credibility of witnesses, having reviewed the exhibit (March 16, 2001 letter), having reviewed the Court file, and having presided over the trial of this cause, finds as follows:

    1. On May 22, 2000, Scriver and Co-Participant, James Beeson, were charged by complaint with Possession with Intent to Distribute MDMA. [CR-DE-1].  An affidavit attached to the complaint establishes that there was probable cause to arrest Scriver on May 21, 2000.[2]

---

[1]New matters alleged for the first time in this supplemental reply will not be considered at this time.

[2]Probable cause also existed for the search of Beeson's vehicle, and its containers. U.S. v. Burbridge, 252 F. 3d 775, 778 (5th Cir. 2001), although Scriver does not have standing to object to that search. U.S. v. Geraldo, 271 F. 3d 1112, 1118-19 (D.C. Cir. 2001); U.S. v. Allen,

1



2. On June 2, 2000, the DEA lab confirmed that the seized drugs were MDA. [DE-5, p. 20].

3. On August 8, 2000, Scriver was charged, by information, with Conspiracy to Possess with Intent to Distribute MDMA. [CR-DE-21]. Co-participant, Beeson had been charged by indictment with the same crime on June 8, 2000. [DE-13 in 00-6158-CR-DIMITROULEAS]. It is safe to assume that Scriver was charged by information because he was co-operating and a waiver of indictment[3] was anticipated at a future change of plea.

4. On August 30, 2000, Beeson pled guilty to the indictment [DE-32 in 00-6158-CR-DIMITROULEAS]. Beeson's plea agreement mentioned MDMA [DE-33 in 00-6158-CR-DIMITROULEAS]. The plea colloquy was for MDMA [DE-43, p. 19-20 in 00-6158-CR-DIMITROULEAS]. Therefore, on November 24, 2000, Beeson was sentenced for MDMA and received 27 months in prison. [DE-42 in 00-6158-CR-DIMITROULEAS]. That sentence was mitigated on February 28, 2001 to 13 months in prison. [DE-51 in 00-6158-CR-DIMITROULEAS].

5. On September 7, 2000, a Superceding Indictment was returned against Scriver adding a Possession with Intent to Distribute MDMA count. [CR-DE-29].

6. On September 8, 2000, Scriver filed a Motion to Continue Trial alleging a need to investigate the case further. [CR-DE-30]. Clearly, the case was no longer in a change of plea posture. On October 25, 2000, Jeanne Baker filed her Notice of Substitution of Permanent Appearance of Counsel which was for trial only. [CR-DE-47].

---

235 F. 3d 482, 489-90 (10th Cir. 2000).

[3][CR-DE-26]

7. On November 2, 2000, a Superceding Indictment was filed, now charging the Petitioner with MDA, not MDMA. [CR-DE-48].

8. On November 29, 2000, this Court denied Scriver's Motion to Suppress [CR-DE-74]. The Court found that Miranda rights had been read to Scriver on May 20, 2000 (page 1 of order), and that Scriver was not in custody on May 22, 2000 (page 3 of order). Therefore, Miranda warnings were not necessary. Agent Cook was cross-examined [DE-68, pp. 12-38], as was Agent McCarron [DE-68, pp. 46-78].

9. On November 30, 2000, Scriver was found guilty as charged on both counts. [CR-DE-79].

10. On March 7, 2001, Scriver was sentenced to 36 months in prison. [CR-DE-108]. The Court gave Scriver credit for acceptance of responsibility (page 7) and granted a downward departure for aberrant behavior (page 8).

11. On March 6, 2002, Scriver filed this motion to vacate alleging:

A. Apprendi[4] violation.

B. Counsel failed to argue that the defendant intended to possess MDMA instead of MDA as alleged in the indictment;

C. Counsel failed to raise and argue the following issues in a motion to suppress:

    (1)    Petitioner was arrested without probable cause to believe he engaged in an offense;

    (2)    Petitioner was not afforded Consular Notice or Mirandized before being questioned;

    (3)    Counsel did not aggressively cross-examine witnesses during the suppression hearing;

---

[4]Apprendi v. New Jersey, 120 S. Ct. 2348 (2000).

D. Counsel breached his attorney-client privilege by transmitting confidential information to an informing co-participant's counsel;

E. The Petitioner was deprived of significant direct appeal rights by trial counsel's inaccurate advice and information leading to an unknowing/involuntary waiver of direct appeal.

F. Petitioner was denied effective defense by the introduction of an insufficient and improbable defense theory.

12. There was no Apprendi violation. The sentence of thirty-six (36) months did not exceed the statutory maximum for Conspiracy to Possess with Intent to Distribute either MDA or MDMA. U.S. v. Sanchez, 269 F. 3d 1250 (11th Cir. 2001), cert. denied, 2002 WL 205394 (March 18, 2002). Moreover, the Government need not prove the exact nature of the substance. U.S. v. Martin, 274 F. 3d 1208 (8th Cir. 2001); U.S. v. Barbosa, 271 F. 3d 438 (3d Cir. 2001); U.S. v. Garcia, 252 F. 3d 838 (6th Cir. 2001); U.S. v. Valencia-Gonzalez, 172 F. 3d 344 (5th Cir. 1999), cert. denied, 120 S.Ct. 222 (1999); U.S. v. Lezine, 166 F. 3d 895 (7th Cir. 1999). Finally, Scriver was charged with conspiracy to possess MDA with intent to distribute, and there was testimony that he was conspiring to possess with intent to distribute ecstasy, which according to trial testimony is MDA.

13. Scriver testified that he did not intend to possess MDA [CR-DE-111, p. 6], but his testimony was not accepted by the jury. Indeed, in a conspiracy case, it does not matter what drug actually was possessed; Scriver conspired to possess ecstasy, which, according to the trial testimony, was MDA. No prejudice has been shown.

14. Probable cause existed for Scriver's arrest. U.S. v. Buckner, 179 F. 3d 834, 839-40 (9th Cir. 1999) cert. denied, 120 S. Ct. 831 (2000); U.S. v. Dozal, 173 F. 3d 787, 793 (10th Cir.

1999).

15. The failure to contact the Canadian consulate does not equate to an exclusionary rule so that evidence should be suppressed. U.S. v. Cordoba-Mosquera, 212 F. 3d 1194, 1195-96 (11th Cir. 2000). No prejudice has been shown.

16. Defense counsel's cross-examination was adequate. No prejudice has been shown. Fugate v. Head, 261 F. 3d 1206, 1219 (11th Cir. 2001), rehearing en banc denied, 275 F. 3d 58 (11th Cir. 2001).

17. Even if there were a breach of attorney-client privilege, no prejudice can be shown where the Government had a DEA lab report, dated June 2, 2000 that indicated the drugs were MDA. It is pure speculation that the Government did not find out or would not have otherwise found out, what the drugs really were. Had Scriver continued to pursue the change of plea option, then it is likely that he, too, would have received the windfall that Beeson got by pleading to an Information that alleged MDMA.

18. Scriver's allegation about his desire to take an appeal merited an evidentiary hearing. Had this Court concluded that an out-of-time appeal was warranted, then the sentence would have been vacated, the same sentence would have been reimposed, and Scriver would have been advised of his right to appeal. U.S. v. Phillips, 225 F. 3d 1198, 1201 (11th Cir. 2000). At that point, the Court assumed that the Government could have also appealed the guidelines reductions for acceptance of responsibility and aberrant behavior. When asked by the Court at the evidentiary hearing, the Government was not interested in agreeing to starting over the whole appellate process. In return for Scriver's waiving his right to appeal, Jeanne Baker obtained the Government's waiver of its right to appeal the downward departure. Baker also maximized Scriver's chances of getting the Government to agree to the treaty transfer. Scriver's complaints

5

about the absence of an appeal only occurred after it became clear that the treaty transfer would not occur. At the time he entered into it, Scriver understood the waiver of appeal and its ramifications. Baker explained what appellate issues that he was giving up. Scriver made a knowing and voluntary waiver of his appellate rights. There was no gentleman's agreement on the treaty transfer, and Ms. Baker never so represented to Scriver. Baker did not pressure Scriver into waiving his appellate rights. She presented the options; there were no sure things. Just as Scriver gambled with the police when he co-operated at arrest, he again took a chance on the treaty transfer. In both instances, when his gamble failed, Scriver conveniently alleged that he was fooled. Here, Baker's representation was not ineffective.

19. Scriver's speculative complaints about an inadequate defense are without merit. Delgado v. U.S., 162 F. 3d 981, 983 (8th Cir. 1998). Scriver was able to obtain a three level reduction, after trial, for not contesting the facts; this defense strategy was not ineffective.

Wherefore, Scriver's Motion to Vacate is Denied.

The Clerk shall deny any pending motions as moot.

The Clerk shall close this case.

DONE AND ORDERED in Chambers at Fort Lauderdale, Broward County, Florida, this 13 day of May, 2002.

WILLIAM P. DIMITROULEAS
United States District Judge

6

Copies furnished to:

Eugene Zenoli, Esquire
325 Almeria Avenue
Coral Gables, FL 33134

Dana Washington, AUSA