UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 00-6215-CR-DIMITROULEAS

UNITED STATES OF AMERICA

V.

RICHARD SCRIVER
_____/



## GOVERNMENT'S RESPONSE TO DEFENDANT'S
## MOTION FOR RECOMMENDATION

COMES NOW the United States of America, by and through the undersigned Assistant United States Attorney and files this response to defendant's motion for court recommendation for treaty transfer and in support thereof states as follows:

### FACTS

The defendant was convicted, after trial, of conspiracy to possess with the intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 846 and possession with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).  On March 7, 2001, this court sentenced the deendant to thirty-six months' incarceration to be followed by thirty-six months' supervised release and a $2,000 fine to run concurrent as to each count.  The defendant now moves this court for an order recommending that he be transferred to Canada, pursuant to treaty, to serve the balance of his criminal sentence.  The defendant's motion should be denied.



## MEMORANDUM OF LAW

The decision whether to transfer an inmate pursuant to the Transfer of Offenders to and from Foreign Countries Act, Title 18, United States Code, Sections 4100 - 4112, is within the sound discretion of the United States Attorney General and is not subject to judicial review. *Bagguley v. Bush*, 953 F.2d 660, 662 (D.C. Cir. 1991), *cert. denied* 503 U.S. 995 (1992)(the Treaty give the Attorney General unfettered discretion with respect to transfer decisions); *Scalise v. Thornburgh*, 891 F.2d 640, 649 (7th Cir. 1989), *cert. denied*, 494 U.S. 1083 (1990)(court should not "second guess" the Attorney General's weighing of various considerations in his decision-making process). In the present case, the defendant has applied to the Attorney General seeking transfer and that request has been denied. Defendant offers no explanation for his request in the instant motion other than to note that his "entire family of origin" resides in Canada. The defendant fails to state what his projected release date would be in Canada and fails to indicate what compelling factors, if any, would warrant such a recommendation.

The presentence investigation report in this case indicates that the defendant has resided in the United States since approximately 1985. The defendant has lived in Miami, Atlanta and Detroit and has owned property and businesses in the United States. The defendant has twice married in the United States. The offenses for which he was convicted all occurred in the United States. In light of the Attorney General's decision not to transfer the defendant pursuant to treaty and the failure of the defendant to identify any compelling reason for the court to recommend such a transfer in spite of that decision, the defendant's motion should be denied.

## CONCLUSION

WHEREFORE, the United States respectfully requests that defendant's motion for court recommendation for treaty transfer be denied.

                          Respectfully submitted,

                          GUY A. LEWIS
                          UNITED STATES ATTORNEY

By: _____
     Dana O. Washington
     Assistant United States Attorney
     Court No. A5500418
     500 East Broward Blvd., Suite 700
     Fort Lauderdale, FL 33394
     Phone: (954) 356-7255
     Fax: (954) 356-7336

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via U.S. Mail this day, June 26, 2002 to:

Eugene F. Zenobi, Esquire
325 Almeria Avenue
Coral Gables, Florida 33134.

_____
Dana O. Washington
Assistant United States Attorney