UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

RICHARD SCRIVER,

    Petitioner,

vs.

UNITED STATES OF AMERICA,

    Respondent.
_____/

CASE NO. 02-60324-CIV-DIMITROULEAS
(00-6215-CR-DIMITROULEAS)



## ORDER DISMISSING MOTION FOR RECONSIDERATION

THIS CAUSE having been heard upon Petitioner's (Scriver) April 9, 2003, Motion For Reconsideration [DE-19+22] and Memorandum [DE-20] and the Court having considered the Government's April 23, 2003 Response [DE-24] and the Court having presided over a trial in November, 2000, and an evidentiary hearing held on May 10, 2002, having reviewed the Court file, and being otherwise fully advised, finds as follows:

1. On May 22, 2000, Scriver and Co-Participant, James Beeson, were charged by complaint with Possession with Intent to Distribute MDMA. [CR-DE-1]. An affidavit attached to the complaint establishes that there was probable cause to arrest Scriver on May 21, 2000.[1]

2. On June 2, 2000, the DEA lab confirmed that the seized drugs were MDA. [DE-5, p. 20].

3. On August 8, 2000, Scriver was charged, by information, with Conspiracy to Possess

---

[1] Probable cause also existed for the search of Beeson's vehicle, and its containers. U.S. v. Burbridge, 252 F. 3d 775, 778 (5th Cir. 2001), although Scriver does not have standing to object to that search. U.S. v. Geraldo, 271 F. 3d 1112, 1118-19 (D.C. Cir. 2001); U.S. v. Allen, 235 F. 3d 482, 489-90 (10th Cir. 2000).



with Intent to Distribute MDMA. [CR-DE-21]. Co-participant, Beeson had been charged by indictment with the same crime on June 8, 2000. [DE-13 in 00-6158-CR-DIMITROULEAS]. It is safe to assume that Scriver was charged by information because he was co-operating and a waiver of indictment[2] was anticipated at a future change of plea.

4. On August 30, 2000, Beeson pled guilty to the indictment [DE-32 in 00-6158-CR-DIMITROULEAS]. Beeson's plea agreement mentioned MDMA [DE-33 in 00-6158-CR-DIMITROULEAS]. The plea colloquy was for MDMA [DE-43, p. 19-20 in 00-6158-CR-DIMITROULEAS]. Therefore, on November 24, 2000, Beeson was sentenced for MDMA and received 27 months in prison. [DE-42 in 00-6158-CR-DIMITROULEAS]. That sentence was mitigated on February 28, 2001 to 13 months in prison. [DE-51 in 00-6158-CR-DIMITROULEAS].

5. On September 7, 2000, a Superceding Indictment was returned against Scriver adding a Possession with Intent to Distribute MDMA count. [CR-DE-29].

6. On September 8, 2000, Scriver filed a Motion to Continue Trial alleging a need to investigate the case further. [CR-DE-30]. Clearly, the case was no longer in a change of plea posture. On October 25, 2000, Jeanne Baker filed her Notice of Substitution of Permanent Appearance of Counsel which was for trial only. [CR-DE-47].

7. On November 2, 2000, a Superceding Indictment was filed, now charging the Petitioner with MDA, not MDMA. [CR-DE-48].

8. On November 29, 2000, this Court denied Scriver's Motion to Suppress [CR-DE-74]. The Court found that <u>Miranda</u> rights had been read to Scriver on May 20, 2000 (page 1 of order),

---

[2][CR-DE-26]

and that Scriver was not in custody on May 22, 2000 (page 3 of order). Therefore, <u>Miranda</u> warnings were not necessary. Agent Cook was cross-examined [DE-68, pp. 12-38], as was Agent McCarron [DE-68, pp. 46-78].

9. On November 30, 2000, Scriver was found guilty as charged on both counts. [CR-DE-79].

10. On March 7, 2001, Scriver was sentenced to 36 months in prison. [CR-DE-108]. The Court gave Scriver credit for acceptance of responsibility (page 7) and granted a downward departure for aberrant behavior (page 8).

11. On March 6, 2002, Eugene Zenobi, private counsel on behalf of Scriver, filed a motion to vacate alleging:

    A. An <u>Apprendi</u>[3] violation.

    B. Counsel failed to argue that the defendant intended to possess MDMA instead of MDA as alleged in the indictment;

    C. Counsel failed to raise and argue the following issues in a motion to suppress:

        (1) Petitioner was arrested without probable cause to believe he engaged in an offense;

        (2) Petitioner was not afforded Consular Notice or Mirandized before being questioned;

        (3) Counsel did not aggressively cross-examine witnesses during the suppression hearing;

    D. Counsel breached his attorney-client privilege by transmitting confidential information to an informing co-participant's counsel;

---

[3]<u>Apprendi v. New Jersey</u>, 120 S. Ct. 2348 (2000).

E. The Petitioner was deprived of significant direct appeal rights by trial counsel's inaccurate advice and information leading to an unknowing/involuntary waiver of direct appeal.

F. Petitioner was denied effective defense by the introduction of an insufficient and improbable defense theory.

12. On May 13, 2002, this Court denied the Motion to Vacate [DE-17], with the following reasoning:

A. There was no Apprendi violation. The sentence of thirty-six (36) months did not exceed the statutory maximum for Conspiracy to Possess with Intent to Distribute either MDA or MDMA. U.S. v. Sanchez, 269 F. 3d 1250 (11th Cir. 2001), cert. denied, 122 S. Ct. 1327 (2002). Moreover, the Government need not prove the exact nature of the substance. U.S. v. Martin, 274 F. 3d 1208 (8th Cir. 2001); U.S. v. Barbosa, 271 F. 3d 438 (3d Cir. 2001); U.S. v. Garcia, 252 F. 3d 838 (6th Cir. 2001); U.S. v. Valencia-Gonzalez, 172 F. 3d 344 (5th Cir. 1999), cert. denied, 120 S.Ct. 222 (1999); U.S. v. Lezine, 166 F. 3d 895 (7th Cir. 1999). Finally, Scriver was charged with conspiracy to possess MDA with intent to distribute, and there was testimony that he was conspiring to possess with intent to distribute ecstasy, which according to trial testimony is MDA.

B. Scriver testified that he did not intend to possess MDA [CR-DE-111, p. 6], but his testimony was not accepted by the jury. Indeed, in a conspiracy case, it does not matter what drug actually was possessed; Scriver conspired to possess ecstasy, which, according to the trial testimony, was MDA. No prejudice has been shown.

C. Probable cause existed for Scriver's arrest. U.S. v. Buckner, 179 F. 3d 834, 839-40 (9th Cir. 1999) cert. denied, 120 S. Ct. 831 (2000); U.S. v. Dozal, 173 F. 3d 787, 793

(10th Cir. 1999).

D. The failure to contact the Canadian consulate does not equate to an exclusionary rule so that evidence should be suppressed. U.S. v. Cordoba-Mosquera, 212 F. 3d 1194, 1195-96 (11th Cir. 2000). No prejudice has been shown. U.S. v. Duarte-Acero, 296 F. 3d 1277, 1281-82 (11th Cir.), cert. denied, 123 S. Ct. 573 (2002).

E. Defense counsel's cross-examination was adequate. No prejudice has been shown. Fugate v. Head, 261 F. 3d 1206, 1219 (11th Cir. 2001), rehearing en banc denied, 275 F. 3d 58 (11th Cir. 2001).

F. Even if there were a breach of attorney-client privilege, no prejudice can be shown where the Government had a DEA lab report, dated June 2, 2000 that indicated the drugs were MDA. It is pure speculation that the Government did not find out or would not have otherwise found out, what the drugs really were. Had Scriver continued to pursue the change of plea option, then it is likely that he, too, would have received the windfall that Beeson got by pleading to an Information that alleged MDMA.

G. Scriver's allegation about his desire to take an appeal merited an evidentiary hearing. Had this Court concluded that an out-of-time appeal was warranted, then the sentence would have been vacated, the same sentence would have been reimposed, and Scriver would have been advised of his right to appeal. U.S. v. Phillips, 225 F. 3d 1198, 1201 (11th Cir. 2000). At that point, the Court assumed that the Government could have also appealed the guidelines reductions for acceptance of responsibility and aberrant behavior. When asked by the Court at the evidentiary hearing, the Government was not interested in agreeing to starting over the whole appellate process. In return for Scriver's waiving his right to appeal, Jeanne Baker obtained the

5

Government's waiver of its right to appeal the downward departure. Baker also maximized Scriver's chances of getting the Government to agree to the treaty transfer. Scriver's complaints about the absence of an appeal only occurred after it became clear that the treaty transfer would not occur. At the time he entered into it, Scriver understood the waiver of appeal and its ramifications. Baker explained what appellate issues that he was giving up. Scriver made a knowing and voluntary waiver of his appellate rights. There was no gentleman's agreement on the treaty transfer, and Ms. Baker never so represented to Scriver. Baker did not pressure Scriver into waiving his appellate rights. She presented the options; there were no sure things. Just as Scriver gambled with the police when he co-operated at arrest, he again took a chance on the treaty transfer. In both instances, when his gamble failed, Scriver conveniently alleged that he was fooled. Here, Baker's representation was not ineffective.

H. Scriver's speculative complaints about an inadequate defense are without merit. Delgado v. U.S., 162 F. 3d 981, 983 (8th Cir. 1998). Scriver was able to obtain a three level reduction, after trial, for not contesting the facts; this defense strategy was not ineffective.

13. No appeal was taken from the denial of the motion to vacate. Instead on June 18, 2002, after the time had run to take an appeal, Mr. Zenobi, private counsel, filed a Motion for Reconsideration for Treaty Transfer. [CR-DE-121]. On June 25, 2002 the Government filed a Response opposing the motion. [CR-DE-123]. On June 27, 2002, this Court denied the motion. [CR-DE-125]. On September 12, 2002, long after the time for filing an appeal had elapsed, Scriver wrote his lawyer a letter[4] about an appeal if a deal had not been reached with the

---

[4]The letter makes it clear that Scriver had again been considering the strategy of waiving an appeal in return for the possibility of a favorable recommendation on a treaty transfer.

prosecutor. [DE-22, p. 41]. Nothing happened for over six (6) months (except someone ordered and filed a transcript of the May 10, 2002 evidentiary hearing on November 6, 2002). [DE-18].

14. On April 4, 2003, Scriver filed this pro se Motion for Reconsideration. It was refiled by the clerk again on April 10, 2003. In this motion, Scriver complains that for the second time he asked a lawyer to file an appeal and that his wishes were ignored. Scriver also complains that he was not allowed to argue supplemental grounds to vacate at the evidentiary hearing held on May 10, 2002.

15. On April 23, 2003, the Government filed a Response [DE-24]. The government contends that the motion to reconsider is in reality a second or successive motion to vacate. Alternatively, the government argues that under Rule 60(b), Scriver's motion is insufficient. Finally, the government opposes Scriver's request for a belated appeal.

16. The Court agrees with the Government's response. The motion to reconsider is a successive motion to vacate. Felker v. Turpin, 101 F. 3d 657 (11th Cir.), cert. denied, 117 S. Ct. 451 (1996), but see, Gonzalez v. D.O.C., 2003 WL 1747734 (11th Cir. April 1, 2003); Abdur' Rahman v. Bell, 123 S. Ct. 594 (2002) (J. Stevens dissenting). Scriver needs to petition the Eleventh Circuit Court of Appeals for permission to file such a motion. Moreover, his motion is not a proper motion under Rule 60(b), Fed. R. Civ. Proc. (Perhaps one might find it ironic that Mr. Zenobi, who filed a motion alleging that Ms. Baker was ineffective for not filing an appeal, now finds himself being called ineffective for not filing an appeal.) However, there is no absolute right to counsel on a collateral attack. Smallwood v. Gibson, 191 F. 3d 1257, 1266-67 (10th Cir. 1999); Kitchen v. U.S., 227 F. 3d 1014, 1019 (7th Cir. 2000); U.S. v. Angelone, 894 F. 2d 1129, 1130 (9th Cir. 1990). The right to appointed counsel extends to the first appeal as a matter of

right and no further. <u>McClesky v. Zant</u>, 111 S. Ct. 1454, 1471 (1991). If Scriver had no right to counsel, then he cannot be deprived of ineffective assistance of counsel by an untimely notice. <u>Wainwright v. Torna</u>, 102 S. Ct. 1300, 1301 (1982). If Mr. Scriver were so concerned about his appellate rights, he could have filed a <u>pro se</u> Notice of Appeal.[5] The Court found in its May 13, 2002 order that when Scriver's gambles and fails, he conveniently makes allegations that he was fooled; here Scriver is again complaining that he was fooled. This Court gave Scriver credit for acceptance of responsibility after a trial, it looks like the only person fooled in this case was the Court.

Wherefore, Defendant's Motion for Reconsideration is Dismissed. Scriver may petition the Eleventh Circuit Court of Appeal for permission to file a successive motion to vacate.

DONE AND ORDERED in Chambers at Fort Lauderdale, Broward County, Florida, this 29 day of April, 2003.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Richard Scriver, #55313-004
FCC Coleman (Low)
P.O. Box 1031
Coleman, Florida 33521

Dana Washington, AUSA

---

[5] Scriver has not alleged any judicial action prior to June 12, 2002 that lulled him into inactivity so as to make the "unique circumstances exception" to filing a timely notice of appeal available to him. <u>Hollins v. D.O.C.</u>, 191 F. 3d 1324, 1327 (11th Cir. 1999).