UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

RICHARD SCRIVER, : 02-60324-CIV-DIMITROULEAS

    Petitioner : (00-6215-CR-DIMITROULEAS)

:

vs. :

:

UNITED STATES OF AMERICA, :

    Respondent :



## MOTION TO ALTER OR AMEND JUDGMENT PURSUANT TO RULE 59(e) FEDERAL RULE OF CIVIL PROCEDURE

Petitioner, Richard Scriver, by and through his attorney, hereby moves this Honorable Court to alter or amend the judgment entered April 29, 2003 pursuant to Rule 59(e) F.R.Civ.P. for the reasons set forth below.[1]

### I. THE PRO-SE 2255 MOTION AND RULE 60(b) MOTION WERE ENTITLED TO A LIBERAL CONSTRUCTION

**Haines vs. Kerner**, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) indicates that pro-se pleadings are held to less stringent standard than pleadings filed by lawyers.

---

[1] Rule 12 of the Rules Governing Section 2255 Proceedings states: "If no procedure is specifically prescribed by these rules, the district court may proceed in any lawful manner not inconsistent with these rules, or any applicable statute, and may apply the Federal Rules of Criminal Procedure or the Federal Rules of Civil Procedure, whichever it deems most appropriate, to motions filed under these rules." Rule 59(e) F.R.Civ.P. states: "Any motion to alter or amend judgment shall be filed no later than 10 days after entry of the judgment." Rule 6(a) F.R.Civ.P. says, in pertinent part: "When the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays and legal holidays shall be excluded in the computation." Rule 45(a) F.R.Cr.P. says, in pertinent



**Green vs. United States**, 260 F3d 78, 82 (2d Cir. 2001) states:

> It is well settled that pro-se litigants generally are entitled to a liberal construction of their pleadings, which should be read "to raise the strongest arguments they suggest." *Graham vs. Henderson*, 89 F3d 75, 79 (2d Cir. 1996)(quotation marks omitted); see *Haines vs. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1974)(holding that the allegations in a pro-se complaint are "held to less stringent standards than formal pleadings drafted by lawyers.")...We see no reason why the general rule should not apply to pro se motions filed pursuant to section 2255.

**Mederos vs. United States**, 218 F3d 1252 (11th Cir. 2000) makes it plain that a pro-se 2255 motion is subject to a liberal construction citing **Haines vs. Kerner, supra.**

## II. COUNSEL WAS CONSTITUTIONALLY INEFFECTIVE FOR NOT FILING A MOTION TO SUPPRESS THE FRUITS OF THE WARRANTLESS ARREST OF THE PETITIONER

### A. LEGAL PRINCIPLES

The Fourth Amendment prohibits "unreasonable searches and seizures." U.S. Const. Amendment IV. Evidence obtained for an illegal search is not admissible. **Weeks vs. United States**, 232 U.S. 383, 398, 34 S.Ct. 341, 346, 58 L.Ed.652 (1914). Evidence recovered indirectly from an illegal search or seizure is also inadmissible as "fruit of the poisonous tree." **Segura vs. United States**, 468 U.S. 796, 804, 104 S.Ct. 3380, 82 L.Ed.2d 599 (1984), **Wong Sun vs. United States**, 371 U.S. 471, 484-85, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963), **Silverthorne Lumber Co. vs. United States**, 251 U.S. 385, 392-93, 40 S.Ct. 182, 64 L.Ed. 319 (1920).

---

part: "When a period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays and legal holidays shall be excluded in the computation."

Furthermore, the Fourth Amendment limits the authority of the police to detain individuals. U.S. Cont. Amendment IV ("The right of the people to be secure in their persons...against unreasonable...seizures shall not be violated."). Specifically, the police cannot arrest an individual absent probable cause, which is defined as a fair probability that the individual either has committed or intends to commit a crime. **United States vs. Sokolow**, 490 U.S. 1, 7, 109 S.Ct. 1581, 104 L.Ed.2d 1 (1989). Further, the police cannot even briefly detain an individual absent a reasonable suspicion the individual has been involved in criminal activity. **Terry vs. Ohio**, 392 U.S. 1, 21-22, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).

In **Terry**, the Supreme Court explained that an investigatory stop occurs when police use some form of coercion: "Obviously, not all personal intercourse between policemen and citizens involve seizures of persons. Only when the officer, by means of physical force or show of force has in some way restrained the liberty of a citizen may we conclude that a seizure has occurred." Id. at 19, 88 S.Ct. 1868. The test is whether, considering all of the circumstances, "a reasonable person would feel free to decline the officers' requests or terminate the encounter." Id.

**Terry** explains:

> It is quite plain that the Fourth Amendment governs "seizures"
> of the person which do not eventuate in a trip to the stationhouse
> and prosecution for crime--"arrests" in traditional terminology.
> It must be recognized that whenever a police officer accosts an individual
> and restrains his freedom to walk away, he has "seized" that person.
> 392 U.S. at 16, 88 S.Ct. at 1868.

The police may initiate an investigatory detention only if it has reasonable suspicion of criminal activity. As officer must be able to point to specific and articulable

facts, together with rational inferences from those facts, that suggest criminal activity has occurred or is imminent. Reasonable suspicion is based on a totality of the circumstances and has been defined as requiring "articulable reasons" and a particularized and objective basis for suspecting the particular person of criminal activity. **United States vs. Cortez**, 449 U.S. 411, 417-18, 101 S.Ct. 690, 66 L.Ed.2d 621 (1981).

**Florida vs. J.L.**, 529 U.S. 266, 120 S.Ct. 1375, 146 L.Ed.2d 254 (2000) ruled that an anonymous tip that a man was carrying a gun was insufficient justification for a **Terry** stop even though the tip described man in extreme detail, and the officers' observations validated the information given by the tipster.

**Ortega vs. Christian**, 85 F3d 1521, 1525 (11th Cir. 1996) ruled that a tip from an informant is not sufficient to establish probable cause for an arrest unless it has some independent corroboration.

**Swint vs. City of Wadley**, 51 F3d 988, 996-98 (11th Cir. 1995) ruled that probable cause to arrest and detain one suspect does not extend to another in mere propinquity to the subject.

**United States vs. Pruitt**, 174 F3d 1215, 1221 (11th Cir. 1999) states:

> The fact that Moore's hunch ultimately turned out to be correct--, i.e., that Pena and Garrido were illegally transporting marijuana in their van--is irrelevant for purposes of the Fourth Amendment. To hold otherwise would open the door to patently illegal searches by government officials who would attempt to justify the legality of their conduct after-the-fact. The Fourth Amendment requires a showing of reasonable suspicion at the time the motor vehicle occupants are detained, not thereafter, once the results of the car or van search are known.

A criminal defendant must seek the exclusion of such evidence at trial or on direct appeal because questions regarding the admissibility of evidence seldom touch on the basic justice of a conviction. **Stone vs. Powell**, 428 U.S. 465, 494-95, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976), **Kuhlman vs. Wilson**, 477 U.S. 436, 447, 106 S.Ct. 2616, 91 L.Ed.2d 364 (1986).

However, a habeas petitioner, or a 2255 movant may assert a Sixth Amendment claim based on counsel's failure to move for the suppression of evidence that was subject to exclusion under the Fourth Amendment. **Kimmelman vs. Morrison,** 477 U.S. 365, 382-83, 106 S.Ct. 2574, 91 L.Ed.2d 305 (1986).

To establish a Sixth Amendment claim, the petitioner must show defense counsel's performance was deficient, and "a reasonable probability" that the deficient performance caused prejudice.

## B. THE PRO-SE 2255 MOTION

The pro-se 2255 motion alleged "The Petitioner was arrested without probable cause to believe that he engaged in any offense... At the time the agents stopped the Petitioner's vehicle at gunpoint, the Government agents had no evidence showing that the Petitioner had discussed the sale and purchase of Ecstasy. Rather, only after the Agents stopped, arrested, and interrogated the Petitioner without affording him access to counsel...did the Agents obtain incriminating statements from the Petitioner implicating him in the offenses charged." [2255 motion at pages 8- 9]. The 2255 motion alleged that the Petitioner asked counsel to include this issue in a motion to suppress evidence and incriminating statements, but counsel refused because it would result in a "loss of the Petitioner's credibility before the trial court." [Id. at page 10].

The pro-se 2255 memo states, "Here, trial counsel failed to assert that the arresting officers did not have probable cause to arrest SCRIVER when they stopped his vehicle with guns drawn and placed him under arrest." [Id. at page 20].

## C. THE AFFIDAVIT OF DEA TASK FORCE OFFICER NANCY COOK

The Affidavit of Nancy Cook **dated May 22, 2000** indicates the following:

1. Beeson's source of supply lived in Fort Lauderdale. [Affidavit at page 1].

2. The CS, Beeson and Scriver had a meeting at Executive Condominium at 4925 Collins Avenue, Miami Beach, FLA.

3. Scriver handed a brown bag to Beeson.

4. Beeson and the CS drove off in one car.

5. Scriver dove away in another car.

6. Moments later Scriver was arrested.

## D. THE FALSE STATEMENTS IN THE AFFIDAVIT OF NANCY COOK

The Court relied on the Affidavit of Nancy Cook in denying the 2255 motion, and the pro-se reconsideration motion. However, the Cook Affidavit contains an unusual number of materially false statements including but not limited to the following.

First, Scriver did not have a discussion with Beeson and Tinley about a 100,000 hit Ecstasy transaction. [Trial Transcript at page 54-55]

Second, Scriver was not observed handing a brown bag to Beeson, later identified as containing 2.5 kilograms of Ecstasy, approximately 100,000 hits. [Trial Transcript at page 54-55]. The Report of Investigation prepared by Task Force Agent McCarron indicates that Beeson or Scriver opened the passenger side door of a white Porche, and carried the bag to a Ford Expedition.

Finally, the Cook Affidavit cannot be the basis for rejecting the claim because it is based on information learned after the arrest and after the Fourth Amendment violation.

### E. THE COURT'S ANALYSIS SHOULD BE RECONSIDERED

The Petitioner's 2255 motion, given a liberal construction, alleges that the facts of the case, as developed at proceedings after the arrest, establish the arrest was without probable cause. The Petitioner did not have a criminal record. The police did not know the Petitioner was involved in the conspiracy. The police did not see the Petitioner hand over a bag containing Ecstasy. Even if the police saw the co-defendant remove a bag from the Petitioner's car, a fact that he disputes, the police did not know what was in the bag.

The Court's order denying the 2255 motion cites **United States vs. Buckner**, 179 F3d 834, 839-40 (9th Cir. 1999) cert. den. 120 S.Ct. 831 (2000), and **United States vs. Dozal,** 173 F3d 787, 793 (10th Cir. 1999) for the principle that the police had probable cause to arrest Scriver. However, the general principle is not in dispute; it is the application of the general principle that is in dispute.

In this case, the facts indicate that, at the time of the arrest, the police did not have probable cause to believe that Scriver was involved in criminal activity. Counsel was constitutionally ineffective for failing to litigate the issue.

Had the issue been litigated there was a "reasonable probability" that the statements made by Scriver would have been suppressed as fruits of the unlawful arrest. Suppression of the statements would have reduced the likelihood of conviction.

### III. THE COURT SHOULD HAVE GIVEN THE PRO-SE 2255 MOTION A LIBERAL CONSTRUCTION, AND CONSIDERED THE VIENNA CONVENTION ARGUMENT AS A VIOLATION OF THE CODE OF FEDERAL

## REGULATIONS, AND AS INTERFERENCE WITH THE RIGHT TO COUNSEL OF CHOICE

Scriver was interviewed by the police after formal charges were lodged against him. He reportedly made incriminating statements that were used against him. The statements were made without notification of rights under the Vienna Convention.

Scriver is a Canadian citizen, which is a signatory to the Vienna Convention on Consular Relations, April 24, 1963, TIAS 6820, 21 U.S.T. 77.

The Vienna Convention was ratified by the Senate in 1969 and applies to the states and the federal government by virtue of the Supremacy Clause.

Article 36 spells out the responsibilities of the prosecution whenever it arrests a foreign national. Article 36 establishes a comprehensive scheme for the implementation of those responsibilities under the Convention.

Article 36 provides:

> 1. With a view to facilitating the exercise of consular functions relating to the nationals of the sending state: (a) consular officers shall be free to communicate with nationals of the sending state and to have access to them. Nationals of the sending state shall have the same freedom with respect to communication with and access to consular officers of the sending state; (b) if he so requests, the competent authorities of the receiving state shall, without delay, inform the consular post of the sending state if, within its consular district, a national of that state is arrested or committed to prison or to custody pending trial or is detained in any other manner. Any communication addressed to the consular post by the person arrested, in prison, custody, or detention shall also be forwarded by the said authorities without delay. The said authorities shall inform the person without delay of his rights under this sub-paragraph:
>
> 2. The rights referred to in paragraph 1 of this article shall be exercised in conformity with the laws and regulations of the receiving state, subject to the proviso, however, that the said laws and regulations must enable the full effect to be

given to the purposes for which the rights accorded under this article
are intended.

Rights pertaining to consular notification and consultation are made self-executing by virtue of federal regulations designed to en the treaty obligations.

Title 28 Code of Federal Regulations, Section 50.5 states:

> In every case in which a foreign national is arrested
> the arresting officer shall inform the foreign national that
> his consul will be advised of his arrest unless he
> does not wish such notification to be given.
> 28 C.F.R. 50.5(a)(1).

Section 50.5 also requires an arresting agent to "inform the nearest U.S. Attorney of the arrest and of the arrested person's wishes regarding consular notification." **Id**. Sec. 50.5.(a)(2). The U.S. Attorney is then required to "notify the appropriate consul except where he is informed that the foreign national does not desire such notification to be made." **Id**. Sec. 50.5 (a)(3). **Bennett vs. United States**, 2000 WL 10213 (S.D.N.Y. 2000).

Here, the arresting officer and the United States attorney's office violated Scriver's rights under federal law by not notifying Scriver of his rights under the Vienna Convention.

Given Scriver's multitude of complaints with the way defense counsel handled the case, there is a reasonable probability that the denial of the rights was a determining factor in Scriver's decision to plead or stand trial.

Had the Government officials met their obligations under the Vienna Convention and the Code of Federal Regulations, there is a reasonable likelihood Scriver would have availed himself of the right to discuss the case with the Canadian consulate, and a

reasonable likelihood the Canadian consulate would have recommended a different course of action, and recommended a different attorney. There is a reasonable likelihood Scriver would have selected another attorney who would have recommended a different course of action.

Whatever the case, the Court should have interpreted the pro-se 2255 motion liberally to raise the best issues, and held a hearing to determine what effect, if any, the failure to follow federal law had on the decisions made by Scriver.

## IV. CONCLUSION

The Court should reconsider the orders denying the pro-se 2255 motion, and the pro-se reconsideration motion, and hold a hearing to determine the facts before making conclusions of law.

_____
Cheryl J. Sturm
Attorney-At-Law
408 Ring Road
Chadds Ford, PA 19317
484/771-2000

11

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 9th day of May, 2003, she caused a copy of the attached pleading to be served on opposing counsel by first class mail, postage prepaid, addressed as follows:

Dana O. Washington
Assistant United States Attorney
500 East Broward Boulevard, Suite 700
Fort Lauderdale, FLA 33394

_____